T.C. Memo. 2002-63

UNITED STATES TAX COURT

ROBERT E. MCKELVEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1971-00.                    Filed March 5, 2002.

Robert E. McKelvey, pro se.

<u>Daniel J. Parent</u>, for respondent.

MEMORANDUM OPINION

BEGHE, <u>Judge</u>:  This case is before the Court under Rule 121[1] on petitioner's motion for summary judgment and respondent's cross-motion for summary judgment.

_____

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated.

Respondent determined deficiencies in petitioner's Federal income tax of $3,034 for 1995 and $6,015 for 1996.  After concessions, the issues presented for decision by the parties' motions are:  (1) Whether petitioner's expenditures related to his tree farm activities are startup expenses that are not currently deductible under section 195; and (2) if the expenses are not startup expenses, whether petitioner was engaged in an activity for profit within the meaning of section 183.[2]

We sustain respondent's determination that petitioner's "trees" expenses were startup expenses and not currently deductible.  In so doing, we shall grant respondent's motion and deny petitioner's motion.  As a result, we do not reach the section 183 issue raised by respondent.

Background

Petitioner resided in Whitmore, California, when the petition was filed in this case.

Petitioner timely filed a petition and amended petition, both of which contained various frivolous arguments.  After respondent filed a motion to dismiss for failure to state a

---

[2]Respondent also determined in the notice of deficiency that petitioner failed to include taxable Social Security income in 1995 and 1996, unemployment compensation in 1995, and interest income paid in 1996.  Respondent also disallowed certain miscellaneous itemized deductions in 1995 and a net operating loss in 1996.  Petitioner did not challenge any of these determinations in any of his petitions.  Pursuant to Rule 34(b), these issues are deemed conceded.

claim, the Court granted petitioner leave to file a second amended petition in which he was to set forth the specific error or errors in respondent's determinations and the facts upon which petitioner bases each assignment of error.

On June 13, 2000, petitioner filed a second amended petition. In the second amended petition, petitioner's only assignment of error is that he is in the business of tree farming on the parcel of land he purchased in 1994, and that he should be allowed to deduct expenses incurred in connection with his tree-farm activity.

Background

Petitioner worked for the California Department of Forestry (CDF) for 25 years as an analyst, specializing in fire prevention and wildfire studies. Sometime prior to August 1994, petitioner conducted a "prepurchase economic and market feasibility study" on a 39.2-acre parcel of forestland near Whitmore, California. Petitioner conducted the study for the purpose of ascertaining the commercial viability of the land. In addition, prior to August 1994, the CDF made several visits to the property to survey the existing and prospective forest health and related entomology, pest control, and wildfire hazard and risk control issues. In August 1994, petitioner purchased the 39.2-acre parcel with the intent to start a tree-farming business. The

property includes a barn and a cabin that petitioner uses as his personal residence.

In October 1995, petitioner engaged Robert G. Rynearson to prepare a forest management plan (FMP) for his property. The cost of the FMP was $1,800. The FMP states that petitioner's objectives are to improve the property's long-term timber production, as well as to enhance the wildlife, recreational, and aesthetic values potential of the property. To attain these objectives, the FMP cites the need to improve growing conditions. According to the FMP, a 1988 fire left much of the property "occupied by live brush interlaced with standing and down fire killed brush and trees." These conditions impede successful growth and are a continuing fire hazard. The report concludes that the property is in a good location with respect to possible timber and fuelwood markets.

At some time after October 1995, petitioner conducted a "pilot test" planting of 51 Coulter pine trees. According to petitioner, the pilot planting was unsuccessful because his land could not support commercial Coulter pine trees. By the end of 1996, petitioner had not decided which species of trees to plant and had not harvested any of the existing trees on his property.

As of March 2001, petitioner had not commercially harvested any trees, had not planted any new trees, and had not decided which species of trees to plant. Petitioner is still considering

which species of trees to plant on his property and continuing his efforts to prepare the property for use as a tree farm. He is conducting wildfire damage reversal and soil conservation measures and has built a road on the property to a previously inaccessible area.

On his 1995 Federal income tax return, petitioner included a Schedule F, Profit or Loss From Farming, and claimed the following deductions related to the activity petitioner identified as "trees":

| | |
|---|---|
| Depreciation | $781 |
| Repairs/maintenance | 2,302 |
| Taxes | 771 |
| Accounting | 235 |
| Pest control | 7,427 |
| Survey study | 1,800 |
| Tools | 5,045 |
| Travel | 226 |
| Total | 18,587 |

On his 1996 Federal income tax return, petitioner claimed the following deductions on Schedule F for the activity he again described as "trees":

| | |
|---|---|
| Depreciation | $1,339 |
| Car and truck expenses | 1,189 |
| Mortgage interest | 67 |
| Repairs/maintenance | 4,473 |
| Accounting | 1,387 |
| Books & subs | 1,246 |
| Pest control | 9,189 |
| Tools | 2,137 |
| Total | 21,027 |

Respondent determined that the expenses petitioner claimed on his Schedule F for 1995 and 1996 were start-up expenses under section 195 and not currently deductible. In the alternative, respondent determined that petitioner's "trees" activity was not an activity engaged in for profit under section 183.

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment is appropriate where there is no genuine issue of material fact and decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). In deciding whether to grant summary judgment, the Court must consider the factual materials and the inferences to be drawn from them in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993).

In order to view the factual materials and inferences in the light most favorable to petitioner, all facts set forth in the Background portion of this opinion have been taken from petitioner's second amended petition and motion papers and are assumed to be true for the purpose of deciding respondent's motion for summary judgment. Sundstrand Corp. v. Commissioner, supra.

Respondent contends that petitioner neither engaged in a trade or business within the meaning of section 162(a), nor an active trade or business within the meaning of section 195(c), during either of the years in issue. According to respondent, any expenditures relating to petitioner's "trees" activity are nondeductible start-up expenses under section 195(a).

Section 162(a) allows a deduction for ordinary and necessary expenses of carrying on a trade or business. In order for the expenses to be deductible under section 162, the expenses must relate to a trade or business functioning at the time the expenses were incurred. Hardy v. Commissioner, 93 T.C. 684, 686 (1989). A taxpayer has not "engaged in carrying on any trade or business within the intendment of section 162(a) until such time as the business has begun to function as a going concern and performed those activities for which it was organized." Richmond Television Corp. v. United States, 345 F.2d 901, 907 (4th Cir. 1965), vacated and remanded on other grounds 382 U.S. 68 (1965). "Carrying on a trade or business" requires a showing of more than initial research into or investigation of business potential. Dean v. Commissioner, 56 T.C. 895, 902 (1971). The business operations must have actually commenced.

Petitioner was not "carrying on a trade or business" in 1995 or 1996. In neither of the years at issue did petitioner commercially harvest any trees or even decide which species of tree to plant. Petitioner did conduct a pilot planting of Coulter pine trees, but the only purpose of the planting was to

determine whether his property could sustain commercial Coulter pines.  As of March 2001, petitioner still had not harvested any trees, had not planted any new trees, and had not yet decided which species of trees to plant so that he could begin his tree farming business.  Petitioner had not actually commenced the business activity of tree farming in either of the years at issue.  Reems v. Commissioner, T.C. Memo. 1994-253. Accordingly, petitioner's "trees" activities on the property he purchased in 1994 were not a functioning business during 1995 and 1996.  Any expenses incurred by petitioner were in connection with the research into and investigation of the business potential of creating a tree farm; petitioner's expenses are fairly characterized as nondeductible start-up expenditures.  Id.

Section 195(a) provides that no deduction shall be allowed for start-up expenditures.  Section 195(c)(1) defines start-up expenditures as, among other things, any amount paid in connection with creating an active trade or business, which, if paid or incurred in connection with the operation of an existing active trade or business, would be allowable as a deduction for the taxable year in which paid or incurred.[3]

---

[3]We note that petitioner claimed a $771 deduction for taxes on the Schedule F attached to his 1995 return, and a $67 deduction for mortgage interest on his 1996 Schedule F.  Amounts for which a deduction is allowed under sec. 163(a) and sec. 164 are not start-up expenditures.  Sec. 195(c)(1).  Similarly, sec. 263A does not prevent petitioner from taking a current deduction for property taxes or mortgage interest.  Sec. 263A(c)(5). Respondent did not question whether the deductions claimed for
(continued...)

Petitioner's approach to the acquisition of the property was apparently carefully considered and focused on creating a tree farm. Petitioner worked for the CDF for 25 years as an analyst; much of his experience seems relevant to the development and operation of a tree farm. Petitioner conducted a "prepurchase economic feasibility study" which showed the property to be commercially viable. In reliance on the results of the study, petitioner purchased the property. Petitioner consulted with an expert on how to maximize the property's usefulness and had the FMP prepared. Petitioner conducted an unsuccessful pilot planting to ascertain whether his property could commercially support Coulter pines.

The foregoing facts, viewed in the light most favorable to petitioner, clearly show that petitioner was, and apparently still is, investigating the feasibility of creating a tree farm on his property. Any expenses he has incurred in this regard are start-up expenses for which no current deduction is allowed.[4] As a result, we shall grant respondent's motion, which requires that we deny petitioner's motion.

---

[3](...continued)
mortgage interest and taxes were allowable under secs. 163(a) and 164. We direct the parties to address, in the Rule 155 computation, the proper tax treatment of these items.

[4]Start-up expenses are deferred expenses which, at the election of the taxpayer, may be amortized over the 60-month period beginning in the month in which the active trade or business begins. Sec. 195(b)(1), (c).

To reflect the foregoing,

An Order will be issued
granting respondent's motion
for summary judgment and
denying petitioner's motion
for summary judgment, and
decision will be entered under
Rule 155.