T.C. Memo. 2005-87

UNITED STATES TAX COURT

CYNTHIA A. BELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14945-04.          Filed April 14, 2005.

Cynthia A. Bell, pro se.

<u>Gerard Mackey</u>, for respondent.

MEMORANDUM OPINION

WHALEN, <u>Judge</u>:  This is an action for review of the
Commissioner's failure to abate interest under section
6404(e).  All section references are to the Internal
Revenue Code, as amended.  The Commissioner mailed to
petitioner a notice of final determination not to abate
interest under section 6404, relating to interest that

accrued with respect to petitioner's taxable years 1998 and 1999. Petitioner filed an imperfect petition and an amended petition for review of the Commissioner's failure to abate interest. The case is presently before the Court to decide respondent's motion for summary judgment. Petitioner resided in New York, New York, at the time her petition was filed.

## Background

As we read her amended petition, petitioner complains that, from November 25, 2002, in the case of her 1998 return, and from November 11, 2002, in the case of her 1999 return, she "was never notified by the IRS" of any discrepancies with respect to her returns. The amended petition states: "No correspondence, nor any other effort was made to contact me about this matter [and] I had firmly believed that all had been settled and resolved in reference to my IRS accounts." She complains that, in September 2003, she "was devastated" to learn "that my brokerage account had incurred back-up withholding and that a New York City school tax credit of $63.00 had been withheld due to unpaid interest."

Petitioner asserts that the failure to contact her during this period of less than 10 months caused an unreasonable delay in her payment of the balances owed for

taxable years 1998 and 1999.  According to petitioner, this delay was attributable to employees of the Internal Revenue Service (IRS) being erroneous or dilatory in performing a ministerial or managerial act.  Petitioner asserts that, pursuant to section 6404(e), she is entitled to the amount she paid as interest, $2,229.58.  The record does not reveal how this amount was computed.

The amended petition refers to "the printed status history of my IRS account for the years in question". Attached to the amended petition are two computer printouts marked "1998-Status History" and "1999-Status History". These documents are reproduced below:

1998 Status History

IMFOLS ***-**-**** 30199812P01          STATUS HISTORY     NM CTRL: BELL

UP-CYC:32

| STATUS CODE | STATUS DATE | CYCLE | COPYS FORM-SCORE | FLC | AO | STATUS IND | STATUS AMOUNT | EXTENSION DATE | SELECT CODE |
|---|---|---|---|---|---|---|---|---|---|
| 04 | 6/07/99 | 199921 | | | 00 | | | 8/15/99 | |
| 02 | 5/17/00 | 200021 | 3-660 | 00 | 00 | 00 | | | 00 |
| 03 | 6/5/00 | 200021 | 0-000 | 65 | 00 | 07 | | | 38 |
| 06 | 9/6/01 | 200137 | 0-000 | 00 | 00 | 00 | | | 00 |
| 21 | 7/8/02 | 200226 | | | | 22 | $5,038.26 | | |
| 58 | 10/7/02 | 200239 | | | | 22 | 5,038.26 | | |
| 48 | 10/14/02 | 200240 | | | | 22 | .00 | | |
| 21 | 10/21/02 | 200241 | | | | 22 | 1,847.97 | | |
| 22 | 11/25/02 | 200246 | | | | 22 | 1,847.97 | | |
| 12 | 04/19/04 | 200414 | | | | 22 | .00 | | |

1999 Status History

```
IMFOLS ***-**-****  3019912P01        STATUS HISTORY    NM CTRL: BELL
                                                              UP-CYC:32
STATUS   STATUS                COPYS    FLC  AO  STATUS  STATUS   EXTENSION   SELECT
CODE     DATE      CYCLE    FORM-SCORE          IND     AMOUNT     DATE       CODE

 04      6/12/99   200022                    00                          8/15/00
 02      5/17/01   200121    3-660    00  00  00                                     00
 03       6/4/00   200121    0-000    65  00  07                                     50
 06       9/6/01   200137    0-000    00  00  00                                     00
 21       6/3/02   200221                    22      $884.66
 21       7/1/02   200225                    22       310.28
 58      10/7/02   200239                    22       310.28
 22     11/11/02   200244                    22       310.28
 12      4/19/04   200414                    22          .00
```

It appears that petitioner relies on those documents to establish the starting dates of the periods that she "was never notified by the IRS", November 25, 2002, in the case of tax year 1998, and November 11, 2002, in the case of tax year 1999.

The affidavit of respondent's trial attorney filed in support of respondent's motion for summary judgment includes, as exhibits, certified transcripts of petitioner's 1998 and 1999 taxable years. Those transcripts show the assessments, abatements, credits, and refunds relating to each of petitioner's taxable years 1998 and 1999. The transcript for each year is summarized below:

|  | **1998** | **Transcript amounts** |
|---|---|---|
| 4/15/99 | Original due date of return | |
| 8/15/99 | Due date of return, after extension | |
| 4/17/02 | Return filed, 976 days late | |
| 4/24/02 | Payment, 1,105 days late | ($8,273.00) |
| 7/8/02 | Assessment | |
| | Tax shown on return | 7,914.00 |
| | Late filing penalty, addition under sec. 6654(a)(1) | 1,780.65 |
| | Failure to pay tax penalty, addition under sec. 6654(a)(2) | 989.25 |
| | Interest | 2,627.36 |
| 7/8/02 | Reverse addition under sec. 6654(a)(1) | (1,780.65) |
| 10/21/02 | Reverse addition under sec. 6654(a)(2) | (989.25) |
| 10/21/02 | Abate related interest | (420.39) |
| 10/21/03 | Subsequent payment | (63.00) |
| | | 1,784.97 |
| | | |
| 3/29/04 | Subsequent payment | (1,914.16) |
| 4/19/04 | Assess additional interest | 129.19 |
| | Balance | 0.00 |
| 7/8/02 | Stat. notice of balance due | |
| 10/7/02 | Stat. notice of intent to levy | |
| 10/21/02 | Stat. notice of balance due | |

|  | 1999 | Transcript amounts |
|---|---|---|
| 4/15/00 | Original due date of return | |
| 8/15/00 | Due date of return, after extension | |
| 4/17/02 | Return filed, 732 days late | |
| 4/17/02 | Withholding | ($81.00) |
| 4/17/02 | Payment, 732 days late | (1,868.00) |
| 6/3/02 | Assessment | |
| | Tax shown on return | 1,864.00 |
| | Late filing penalty, addition under sec. 6654(a)(1) | 401.17 |
| | Failure to pay tax penalty, addition under sec. 6654(a)(2) | 115.89 |
| | Estimated tax penalty, addition under sec. 6654 | 85.00 |
| | Interest | 367.60 |
| 6/3/02 | Reverse addition under sec. 6654(a)(1) | (401.17) |
| 7/1/02 | Reverse addition under sec. 6654(a)(2) | (115.89) |
| 7/1//02 | Abated related interest | (57.32) |
| 2/11/02 | Apply overpayment of tax from tax year 2000 | (39.25) |
| | | 271.03 |
| 3/29/04 | Subsequent payment | (294.56) |
| 4/19/04 | Assess additional interest | 23.53 |
| | Balance | 0.00 |
| 6/3/02 | Stat. notice of balance due | |
| 7/1/02 | Stat. notice of balance due | |
| 10/7/02 | Stat. notice of intent to levy | |

As shown above, petitioner filed her 1998 return on April 17, 2002, approximately 32 months after it was due. The return reported tax in the amount of $7,914. On April 24, 2002, more than 36 months after payment of the tax was due, petitioner paid $8,273, or $359 more than the tax shown on the return. The record does not explain the nature of this additional amount.

The tax reported on petitioner's return for 1998 was due and unpaid from April 15, 1999, until April 24, 2002. By July 8, 2002, when respondent assessed the tax reported on petitioner's delinquent 1998 return, interest of $2,206.97 had accrued on the tax reported on the return (i.e., $2,627.36, total interest assessed, less $420.39, interest related to the addition to tax under section 6654(a)(2) that was later reversed). Petitioner paid $359 of that amount (i.e., $8,273, total payment, less $7,914, tax shown on the return) on April 24, 2002, when she filed her delinquent return and $63 was offset by a credit on October 21, 2003. The balance, $1,784.97, continued to accrue interest from July 8, 2002, to March 29, 2004, when petitioner paid $1,914.16, the balance of $1,784.97, plus additional assessed interest of $129.19.

In passing, we note that the transcript of petitioner's account for 1998 shows that additions to tax

under section 6654(a)(1) in the amount of $1,780.65 and under section 6654(a)(2) in the amount of $989.25 were assessed on July 8, 2002, and were reversed on July 8, 2002, and October 21, 2002, respectively, along with the interest related thereto in the amount of $420.39, and that a credit of $63 was applied to petitioner's account on October 21, 2003.

The certified transcript for tax year 1998 also shows that on July 8, 2002, and on October 21, 2002, statutory notices of balance due were issued to petitioner. The balance of petitioner's account on July 8, 2002, was $5,038.26 (i.e., - $8,273 + $7,914 + $1,780.65 + $989.25 + $2,627.36). The balance of petitioner's account on October 21, 2002, was $1,847.97 (i.e., - $8,273 + $7,914 + $1,780.65 + $989.25 + $2,627.36 - $1,780.65 - $989.25 - $420.39).

In the case of petitioner's 1999 return, as shown above, petitioner filed her return on April 17, 2002, approximately 20 months after the due date. The return showed tax of $1,864, and claimed a credit for withholding of $81, for a balance due of $1,783. Petitioner paid $1,868 with the return. Petitioner made this payment more than 24 months after the payment of her 1999 tax was due (i.e., April 15, 2000). The amount of this payment, $1,868, is $85 more than the balance shown on the return.

The record does not explain the nature of this additional payment.

The tax reported on petitioner's return for 1999 was due and unpaid from April 15, 2000, until April 17, 2002. By June 3, 2002, when respondent assessed the tax reported on petitioner's delinquent return for 1999, interest of $310.28 had accrued on the tax (i.e., $367.60, total interest assessed, less $57.32, interest related to the addition to tax under section 6654(a)(2) that was later reversed).  That amount was partially satisfied by an overpayment of tax from petitioner's 2000 tax return in the amount of $39.25.  The balance, $271.03, continued to accrue interest until March 29, 2004, when petitioner paid $294.56, the balance of $271.03, plus additional assessed interest of $23.53.

In passing, we note that the transcript of petitioner's account for 1999 shows that additions to tax under section 6654(a)(1) in the amount of $401.17 and under section 6654(a)(2) in the amount of $115.89 were assessed on June 3, 2002, and were reversed on June 3, 2002, and July 1, 2002, respectively, along with the interest related thereto in the amount of $57.32.

As in the case of petitioner's 1998 return, the
certified transcript for tax year 1999 also shows that
statutory notices of balance due were issued to petitioner.
One notice was issued on June 3, 2002, when the balance of
petitioner's account was $884.66 (i.e., - $81 - $1,868 +
$1,864 + $401.17 + $115.89 + $85 + $367.60).  Another
notice was issued to petitioner on July 1, 2002, when the
balance of petitioner's account was $310.28 (i.e., - $81
- $1,868 + $1,864 + $401.17 + $115.89 + $85 + $367.60 -
$401.17 - $115.89 - $57.32).

The total interest that petitioner paid for 1998 and
1999 is $2,669.97 computed as follows:

| | | |
|---|---|---:|
| 7/8/02 | Assess interest for 1998 | $2,627.36 |
| 10/21/02 | Abate interest related to additions to tax for 1998 | -420.39 |
| 3/29/04 | Assess additional interest for 1998 | 129.19 |
| 6/3/02 | Assess interest for 1999 | 367.60 |
| 7/1/02 | Abate interest related to additions to tax for 1999 | -57.32 |
| 3/29/04 | Assess additional interest for 1999 | 23.53 |
| | | 2,669.97 |

## Discussion

The purpose of summary judgment is to expedite
litigation and to avoid unnecessary and expensive trials.
See, e.g., Keene v. Commissioner, 121 T.C. 8, 14 (2003);
Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).
Generally, we grant summary judgment if the pleadings,
answers to interrogatories, depositions, admissions, and

any other acceptable materials show that there is no genuine issue of any material fact and a decision may be rendered as a matter of law. Rule 121(b), Tax Court Rules of Practice and Procedure. See Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).

The moving party, respondent in this case, bears the burden of proving that there is no genuine issue of material fact. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). Factual inferences will be made in a manner most favorable to the party opposing summary judgment.

For the reasons set forth below, we conclude that there are no genuine issues of any material fact and that respondent is entitled to prevail as a matter of law. Accordingly, we shall grant respondent's motion.

Under section 6404(e)(1), the Commissioner may abate part or all of an assessment of interest on any deficiency or payment of income, gift, estate, and certain excise tax to the extent that any error or delay in payment is attributable to erroneous or dilatory performance of a ministerial or managerial act by an officer or employee of the Commissioner if (a) the Commissioner contacted the

taxpayer in writing about the deficiency or payment, and (b) the taxpayer did not contribute significantly to the error or delay. Congress intended for the Commissioner to abate interest under section 6404(e) "where failure to abate interest would be widely perceived as grossly unfair" and did not intend abatement to "be used routinely to avoid payment of interest". H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844; S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208.

In this case, as discussed above, petitioner seeks the abatement of interest that was assessed with respect to petitioner's 1998 and 1999 taxes. Petitioner's amended petition asks for the abatement of interest in the amount of $2,229.58. Petitioner's response to respondent's motion for summary judgment states that "petitioner is now requesting that * * * $2,669.97, be fully abated." According to petitioner's response, petitioner was not previously aware of "the entire amount of interest that had been paid over the years." In effect, petitioner is asking for abatement of all of the interest that accrued with respect to the delay of approximately 60 months in the payment of her 1998 tax liability, and all of the interest that accrued with respect to the delay of approximately 48 months in the payment of her 1999 tax liability.

Petitioner claims to be entitled to such relief under section 6404(e)(1)(B) because of the failure of employees of the IRS to contact her during a period of less than 10 months, from November 2002 until September 2003, when she learned that backup withholding had been imposed on her brokerage account and a school tax credit of $63 had been withheld. Petitioner alleges that during this period she was not notified by the IRS of "any discrepancies * * * for my 1998 return" and she received "no manner of formal contact" from the IRS with respect to her 1999 return.

Respondent's motion for summary judgment argues that "a significant aspect of the delay in payment, and the resulting accrual of interest, is directly attributable to petitioner * * * [who] did not have sufficient withholding or estimated payments for her 1998 and 1999 taxes to be paid in full on their respective due dates." We agree with respondent.

In deciding respondent's motion we have accepted, as true, all of the allegations made in petitioner's amended petition and in her response to respondent's motion for summary judgment, and we have drawn all factual inferences in petitioner's favor.

We find that petitioner has neither alleged nor shown any justification for the application of section 6404(e).

The undisputed facts are that petitioner filed delinquent returns for 1998 and 1999, and she paid the taxes reported on those returns more than 36 months past the payment due date in the case of the 1998 return, and more than 24 months past the payment due date in the case of the 1999 return.  Respondent assessed the tax shown on each delinquent return, together with appropriate interest, and notified petitioner of her outstanding liability. Petitioner did not pay her outstanding liabilities for 1998 and 1999 until approximately two years after she filed her delinquent returns.

Furthermore, it is undisputed that respondent sent to petitioner statutory notices of balance due and a notice of intent to levy with respect to each of the years in issue. The certified transcript of petitioner's account for 1998 shows that respondent issued statutory notices of balance due on July 8 and October 21, 2002, when the balance of petitioner's account was $5,038.26 and $1,847.97, respectively.  These balances are shown on the 1998 status history of petitioner's account, which is attached to petitioner's amended petition.  The certified transcript of petitioner's account for 1999 shows that respondent issued statutory notices of balance due on June 3 and July 1, 2002, when the balance of petitioner's account was $884.66

and $310.28, respectively. These balances are shown on the 1999 status history of petitioner's account, which is attached to petitioner's amended petition.

There is no basis on which to find that any unreasonable error or delay in petitioner's payment of interest for 1998 and 1999 is attributable to an officer or employee of the IRS's being erroneous or dilatory in performing a ministerial or managerial act. See sec. 6404(e)(1)(B). Petitioner's allegation that respondent failed to notify her or communicate during the 10-month period November 2002 through September 2003 fails to explain how that contributed to the delay in petitioner's payment. We can see no basis for petitioner's assertion that respondent was erroneous or dilatory in performing a ministerial or managerial act. This is especially true in light of the notices of balance due that respondent issued for both years shortly before the 10-month period about which petitioner complains.

Petitioner contends that respondent committed "an overt abuse of discretion" "by seizing dividends and placing back-up withholding" on petitioner's brokerage account. It is unclear to the Court how respondent's efforts to collect petitioner's taxes contributed to the delay in petitioner's payment. Indeed, it appears that the

opposite is true. Petitioner was prompted to pay her outstanding balance for each year when she learned that her brokerage account was subject to backup withholding and a school tax credit of $63 had been withheld.

Moreover, we find that the delay in payment of petitioner's taxes and interest for 1998 and 1999 is attributable entirely to petitioner. Certainly, petitioner bears full responsibility for filing her returns for those years and paying the taxes shown thereon on or about April 17, 2002, well past the filing and payment deadlines. Petitioner also bears full responsibility for waiting until March 29, 2004, to pay the outstanding liabilities owed for both years. We are not persuaded to hold otherwise based upon her vague assertion that she thought "that all had been resolved". To do so would be to hold that petitioner should be relieved of interest because of her confusion or lack of full understanding of the balances due with respect to her taxes for 1998 and 1999. Accordingly, we find no basis on which to abate any interest assessed with respect to petitioner's 1998 and 1999 taxes.

On the basis of the above,

<u>An order and decision will be entered for respondent</u>.