T.C. Summary Opinion 2011-110

UNITED STATES TAX COURT

ASHTON J. BLANKENSHIP, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20921-04S.               Filed September 19, 2011.

Ashton J. Blankenship, pro se.

John K. Parchman, for respondent.

ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

This matter is before the Court on respondent's Motion For Partial Summary Judgment, as supplemented.

Respondent determined a deficiency of $4,503 in petitioner's Federal income tax for 2003. The deficiency is attributable to: (1) The disallowance of dependency exemption deductions for petitioner's minor daughter, A.B., and minor nephew, R.G.,[2] (2) the change in petitioner's filing status from head of household to single, and (3) the disallowance of the earned income credit (EIC).[3]

Respondent now concedes that petitioner is entitled to a dependency exemption deduction for A.B.[4]

Petitioner does not address whether he is entitled to claim R.G. as a dependent for the dependency exemption deduction or the head of household filing status, nor does he address whether R.G.

---

[2] It is the Court's policy to use initials when referring to minors. See Rule 27(a)(3).

[3] Petitioner asserts that he "filed taxes in a timely manner" and that "[t]here should be no penalty for fileing [sic] late." We note that respondent did not determine any penalty or addition to tax and that there is no issue in this case related to any penalty or addition to tax.

[4] Petitioner provided respondent with a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents. The mother of A.B. signed the Form 8332 as custodial parent releasing her claim to the dependency exemption deduction to petitioner.

is a qualifying child for EIC purposes. As such, petitioner is deemed to have conceded these issues under Rule 34(b)(4). This deemed concession is further supported by the fact that petitioner, after filing his petition, sought to amend his 2003 Federal income tax return by, inter alia, dropping R.G. as a claimed dependent, thereby eliminating one of his claimed dependency exemptions and reducing the amount of his claimed EIC.[5]

After the above concessions, the issues for decision are as follows:[6]

---

[5] The record contains no evidence that petitioner provided over half of his nephew's support as required by sec. 152(a), no evidence that he maintained, as his home, a household that constituted the principal place of abode of his nephew for over half of 2003 as required by sec. 2(b)(1)(A), and no evidence that his nephew was a qualifying child for purposes of sec. 32(c)(3)(A)(ii). Consequently, we would sustain respondent's disallowance of the claimed dependency exemption deduction, filing status attributable to petitioner's nephew, and claimed EIC attributable to petitioner's nephew regardless of petitioner's deemed concessions.

[6] Petitioner also raises issues with respect to the suspension and computation of interest. We note that, although we might be sympathetic to petitioner's situation, in the instant case (an action for redetermination of deficiency), we lack jurisdiction over interest that accrues on a tax deficiency that has yet to be assessed. See McCauley v. Commissioner, T.C. Memo. 1988-431; cf. sec. 6404(h); Rules 280-284. Thus, we are bound by our jurisdictional limits and cannot adjudicate petitioner's request to suspend the accrual of interest.

We also note that, from the record, it appears that petitioner is confused as to the amount respondent claims is due. A tax "deficiency" is defined by statute, see sec. 6211(a), and does not necessarily equal the amount due. For instance, a deficiency does not include accrued interest, which is separately computed. Here, the amount of petitioner's tax deficiency will be computed
(continued...)

(1) Whether petitioner is entitled to head of household filing status; and

(2) whether petitioner is entitled to the EIC.

## Background

None of the facts in this case have been stipulated by the parties. Petitioner resided in the State of Louisiana when the petition was filed.

Petitioner entered into the custody of the State of Louisiana Department of Public Safety and Corrections on January 17, 2003, and served hard labor until his release to a detainer for Caddo Parish on July 7, 2005.

On his original 2003 Federal income tax return, petitioner claimed dependency exemption deductions for his daughter, A.B., and his nephew, R.G. In addition, petitioner claimed both head of household filing status and the EIC, listing A.B. and R.G. as qualifying children.

Respondent mailed petitioner a notice of deficiency on September 20, 2004, disallowing the claimed dependency exemption deductions, head of household filing status, and the EIC.

Petitioner filed a petition with the Court on November 1, 2004, and subsequently submitted an amended 2003 Federal income tax return on December 2, 2004. On the amended return,

---

[6](...continued)
under Rule 155, which computation should also reflect the amount of tax due.

petitioner eliminated the claimed exemption for R.G. and decreased the amount for the EIC.

Respondent filed a Motion For Partial Summary Judgment on June 22, 2011, and a supplement thereto on July 20, 2011.

## Discussion

### A. Summary Judgment

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b).

After a careful review of the record, and for the reasons discussed hereinafter, we are satisfied that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law, notwithstanding the fact that respondent has styled his motion as one for partial summary judgment.

### B. Head of Household Filing Status

Given respondent's concession that petitioner is entitled to a dependency exemption deduction for A.B., petitioner's taxable income is zero for 2003 regardless of whether he claims single or

head of household filing status.  As a result, petitioner's filing status has no tax effect for 2003 and, thus, warrants no further discussion.[7]

C.  Earned Income Credit

In the case of an "eligible individual", section 32(a) allows an EIC against the individual's income tax liability.  As immediately relevant herein, an eligible individual is defined as an individual who has a "qualifying child" for the taxable year. Sec. 32(c)(1)(A)(i).

To be a qualifying child, an individual must, inter alia, have the same principal place of abode as the taxpayer for more than half of the taxable year.  Sec. 32(c)(3)(A)(ii).  Because petitioner was incarcerated on January 17, 2003, and served hard labor until his release to a detainer for Caddo Parish on July 7, 2005, A.B. did not have the same principal place of abode as petitioner for more than half of 2003.  Cf. Rowe v. Commissioner, 128 T.C. 13 (2007) (dealing with a preconviction arrest).  It follows, therefore, that petitioner is not entitled to an EIC on the basis of a qualifying child.

An individual may still be eligible for an EIC, however, even if the individual does not have a qualifying child for the taxable year.  Sec. 32(c)(1)(A)(ii).  Although respondent seeks

---

[7] We note that, after a careful review of the record, it appears petitioner would qualify for single, and not head of household, filing status.  See sec. 2(b)(1)(A).

complete disallowance of petitioner's claimed EIC in his Motion For Partial Summary Judgment, respondent concedes in his supplement that petitioner is eligible for a portion of the claimed EIC, without regard to a qualifying child, because of his low income.  Thus, we will grant respondent's Motion for Partial Summary Judgment with respect to petitioner's claimed EIC, but only as to petitioner's alleged qualifying child.

Conclusion

Finally, in reaching the conclusions described herein, we have considered all of the arguments made by the parties, and, to the extent not expressly discussed above, we find that those arguments do not support any result contrary to those reached herein.

To reflect the foregoing, as well as the parties' concessions,

An order granting, in part, respondent's Motion For Partial Summary Judgment will be issued, and decision will be entered under Rule 155.