FLORIDA PEACH CORPORATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6548-82.            Filed April 12, 1988.

Robert Lurie (an officer), for the petitioner.
*Paul Horn* and *Francis C. Mucciolo,* for the respondent.

## OPINION

FEATHERSTON, *J.*: This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7456 of the Code.[1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge*: This case is before the Court on respondent's motion for summary judgment, filed pursuant to Rule 121. The issue for decision is whether the doctrine of res judicata applies so as to preclude petitioner from litigating the deficiencies determined by respondent in this Court.

Respondent, in his notice of deficiency, dated December 31, 1981, determined deficiencies and additions to tax as follows:

| | | Additions to tax[2] | |
| --- | --- | --- | --- |
| TYE Mar. 31— | Deficiency | Sec. 6651(a)(1) | Sec. 6653(a) |
| 1974 | $959,400.82 | 0 | $47,970 |
| 1975 | 1,330,652.97 | $66,533.00 | 66,533 |
| 1976 | 1,386,240.87 | 0 | 69,312 |
| 1977 | 14,397.70 | 2,879.54 | 0 |

[1]This case was heard pursuant to sec. 7456 (redesignated as sec. 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1556, 100 Stat. 2755) and Rule 180. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]In his memorandum of law in support of respondent's motion for summary judgment, filed Apr. 14, 1987, respondent states that if we determine that the doctrine of the res judicata applies, then he concedes the additions to tax determined under secs. 6651(a)(1) and 6653(a).

A timely petition was filed on March 24, 1982.[3]

The facts are not in dispute. Petitioner Florida Peach Corp. is the same entity as was the debtor in a bankruptcy proceeding entitled "In Re Florida Peach Corp.," Case No. 80-111-BK-J-GP (Bankr. M.D. Fla., filed Mar. 11, 1980). On March 2, 1981, the United States filed an amended proof of claim in the Bankruptcy proceeding. Included in the amended claim were corporate tax liabilities of petitioner for the taxable years ending March 31, in each of the years 1974 through 1977. On or about May 19, 1981, petitioner filed an objection to the claim of the United States. On or about August 10, 1981, respondent filed a new amended proof of claim.[4] Among other liabilities, the amended proof of claim asserted income tax liabilities against petitioner as follows:

| TYE Mar. 31— | Tax due |
|---|---|
| 1974 | $9,400.82 |
| 1975 | 1,330,652.97 |
| 1976 | 1,386,240.87 |
| 1977 | [5]14,397.00 |

On February 8, 1982, the Bankruptcy Court entered a judgment under section 505 of the Bankruptcy Code dismissing petitioner's objection to the income tax claim of the United States and allowing the claim in full. This judgment was based on findings of fact which stated in part as follows:

10. The United States filed timely claims for income taxes in these proceedings, with amendments thereto, claiming $959,400.82 due in income taxes for fiscal year ending March 31, 1974, $1,330,652.97 due for fiscal year ending March 31, 1975, $1,386,240.87 due for fiscal year ending March 31, 1976, and $14,397.70[6] due for fiscal year ending March 31, 1977, plus pre-petition interest.

The conclusions of law stated as follows:

---

[3]At the time of filing the petition herein, petitioner's principal office was located at Belleview, Florida.

[4]The Aug. 10, 1981, amended proof of claim superseded all previously filed claims including the Mar. 2, 1981, amended claim.

[5]We note that the amount of the deficiency for the taxable year ended Mar. 31, 1977, differs slightly from the amount shown on the amended proof of claim. There is no explanation in the record for this discrepancy, nor do we consider it to be material since the Bankruptcy Court in its judgment utilized the same amount reflected in the notice of deficiency ($14,397.70).

[6]See note 5 *supra*.

6. The United States is entitled to an order dismissing the Debtor's objections and allowing the income tax claim, with costs charged to the Debtor, both by virtue of the failure of the Debtor to sustain its objections and by virtue of Rule 737 of the Rules of Bankruptcy Procedure, as a sanction for the Debtor's willful failure to obey the Order of November 12, 1981.

On February 22, 1982, the Bankruptcy Court entered a wholly separate order dismissing the case and lifting the automatic stay imposed by 11 U.S.C. section 362 (1982).

## OPINION

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. *Shiosaki v. Commissioner,* 61 T.C. 861, 862 (1974). Summary judgment is not a substitute for trial, in that disputes over factual issues are not to be resolved in such proceedings. *Naftel v. Commissioner,* 85 T.C. 527 (1985); *Espinoza v. Commissioner,* 78 T.C. 412, 416 (1982). Rule 121 provides that either party may move for a summary judgment in his favor upon all or any part of the legal issues in controversy. The Rule further provides that a decision shall be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

There does not appear to be any dispute as to a material fact here. Accordingly, our task is to determine whether petitioner is prohibited from litigating its Federal tax liabilities in this Court due to the prior proceeding in the Bankruptcy Court. Thus, we must determine whether the doctrine of res judicata is applicable here.

We initially look to the landmark case of *Commissioner v. Sunnen,* 333 U.S. 591 (1948). In that case, the Supreme Court stated as follows:

It is first necessary to understand something of the recognized meaning and scope of *res judicata,* a doctrine judicial in origin. The general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to

every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." * * * The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. [*Commissioner v. Sunnen, supra* at 597; citations omitted.]

In applying the concept of res judicata to the field of Federal income tax, the Supreme Court further stated as follows:

These same concepts are applicable in the federal income tax field. Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action. Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the same tax year. But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit. * * * [*Commissioner v. Sunnen, supra* at 598.]

Florida Peach Corp., petitioner herein, is the same entity that was the debtor in the Bankruptcy Court proceeding. We are satisfied that while respondent was not a named party in the bankruptcy proceeding, he is a party in privity with the United States, the party who filed an income tax claim in that proceeding. *McQuade v. Commissioner*, 84 T.C. 137 (1985).[7] Furthermore, there is no question but that the Bankruptcy Court had authority to decide the tax claims asserted. See 11 U.S.C. section 505(a)(1) (1982); *McQuade v. Commissioner*, supra at 145. It is also not disputed that the tax liabilities at issue here involve the same claim and tax years presented in the earlier proceeding.

The question which arises then is whether the judgment of the Bankruptcy Court allowing the tax claim of the United States in full is a final judgment on the merits so as to bar relitigation. This issue was addressed in *In Re Saco Local Development Corp.*, 711 F.2d 441 (1st Cir. 1983), where the court found "that a 'final judgment, order, or

---

[7]In *McQuade v. Commissioner*, 84 T.C. 137 (1985), we determined that respondent was collaterally estopped from litigating the Federal income tax liabilities of a taxpayer which had been previously litigated in the Bankruptcy Court.

decree' under 28 U.S.C. section 1293(b) includes an order that conclusively determines a separable dispute over a creditor's claim or priority." *In Re Saco Local Development Corp., supra* at 445-446. The court based its finding in that case on "an uninterrupted tradition of Judicial interpretation in which courts have viewed a proceeding within a bankruptcy case as the relevant 'Judicial Unit' for purposes of finality, and a legislative history that is consistent with this tradition." *In Re Saco Local Development Corp., supra.*

In this case, the Bankruptcy Court, in its judgment dated February 8, 1982, ordered respondent's claim for income taxes to be allowed in full, dismissed with prejudice petitioner's objection to that claim, and thereby settled a separable dispute. The judgment thus rendered was final and appealable. See *In Re Saco Local Development Corp., supra.* Petitioner's failure to appeal lays to rest his complaint on the tax matter decided. *Shaheen v. Commissioner,* 62 T.C. 359 (1974).[8]

Petitioner contends, however, that its present claim should not be dismissed on the grounds of res judicata, arguing that the Bankruptcy Court's subsequent dismissal of the bankruptcy case in its entirety served to vacate the prior judgment allowing the tax claim. Section 349(b)(2) of the Bankruptcy Code provides that the effect of a dismissal in bankruptcy is to vacate "any order, judgment, or transfer ordered, under sections 522(i)(1), 542, 550, or 553." The legislative history of section 349(b) provides that the purpose of that section "is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." H. Rept. 95-595, at 5 (1978), reprinted in 5 U.S. Code Cong. & Admin. News 5693, 6294 (1978).

It would appear, however, that the impact of section 349(b)(2) of the Bankruptcy Code is limited by the language enumerating the sections to which section 349(b) applies. Opinions by the Bankruptcy Court support this interpretation. In *In Re Newton,* 64 Bankr. 790 (Bankr. C.D. Ill.

---

[8]It would further appear that to the extent that the dismissal results from the imposition of sanctions by the Bankruptcy Court, such action would have the effect of a dismissal on the merits. See Fed. R. Civ. P. 37(b)(2)(C); *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639 (1976); *Papilsky v. Berndt,* 466 F.2d 251 (2d Cir. 1972), cert. denied 409 U.S. 1077 (1972).

1986), the court determined that this limiting language of section 349(b)(2) is "significant" and that the debtor's claim could not be reinstated under that section because the claim did not fall under one of the enumerated sections. An identical result was reached in *In Re BSL Operating Corp.*, 57 Bankr. 945 (Bankr. S.D.N.Y. 1986).

In the present case, respondent's tax claim against petitioner was allowed by the Bankruptcy Court under section 505 of the Bankruptcy Code. As in *In Re Newton, supra* and *In Re BSL Operating Corp., supra*, the Bankruptcy Code section involved here is not one of those enumerated in section 349(b)(2) of the Bankruptcy Code, and accordingly, the Bankruptcy Court's judgment allowing the claim of the United States is preserved.

Respondent conceded the additions to tax under sections 6651(a)(1) and 6653(a), conditioned, however, upon a finding by us that res judicata applies to bar relitigation of the deficiency. Since we have found that res judicata applies, we deem the additions to tax determined in the notice of deficiency to be conceded.

For the reasons set forth herein, respondent's motion for summary judgment will be granted.

*An appropriate order will be entered.*