T.C. Memo. 2005-142

UNITED STATES TAX COURT

JULIAN W. MANDODY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8822-03L.                    Filed June 20, 2005.

Julian W. Mandody, pro se.

<u>Francis C. Mucciolo</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
respondent's motion for summary judgment.

Rule 121(a)[1] provides that either party may move for summary
judgment upon all or any part of the legal issues in controversy.

---

[1]  Unless otherwise indicated, all Rule references are to
the Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).

Full or partial summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

Upon consideration of the record, and viewing it in a light most favorable to petitioner, material issues of fact are in dispute. Accordingly, we shall deny respondent's motion for summary judgment.

Petitioner and respondent dispute what issues petitioner raised and what actually transpired at the section 6330 hearing.

Respondent contends that petitioner did not submit requested documents (e.g., a Form 433-A, Collection Information Statement for Individuals) or a completed offer in compromise (OIC) to the

settlement officer. We note that respondent did not call the settlement officer as a witness.

Petitioner credibly testified that he submitted a copy of a completed OIC to the settlement officer and informed her that the OIC had been submitted to the Internal Revenue Service (IRS) in May 2001 before the section 6330 hearing. Petitioner also credibly testified that he raised the issue of reinstating an installment agreement that had been defaulted because of one late return, that he submitted (and resubmitted) a completed Form 433-A, and that he submitted other documents to the settlement officer. Petitioner also credibly testified that the settlement officer refused to consider, or would not reconsider, documents he submitted to the IRS before the section 6330 hearing. Petitioner also credibly testified that there were misunderstandings between him and the settlement officer regarding what years needed to be covered and what information needed to be submitted.

Respondent, at the hearing in our Court, noted that petitioner's testimony contradicted administrative records prepared by the settlement officer and submitted by respondent as an attachment to the motion for summary judgment. As stated supra, factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v.

Commissioner, supra at 821; Jacklin v. Commissioner, supra at 344.

We further note that respondent objected to the admission of four documents received at the Court hearing, on the grounds that they were not part of the administrative record. Petitioner credibly testified that all of these documents had been provided to the IRS at some point (possibly before the section 6330 hearing) and that at least some of these documents were submitted to the settlement officer as part of the section 6330 hearing. Accordingly, the issue of what documents should be contained in petitioner's administrative record also is in dispute.

Material facts remain in dispute. Accordingly, summary judgment is inappropriate at this juncture.

To reflect the foregoing,

An appropriate order will be issued.