T.C. Memo. 2014-110

UNITED STATES TAX COURT

FRANK J. BLANGIARDO, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11978-13.                          Filed June 9, 2014.

Frank J. Blangiardo, pro se.

<u>Christopher D. Davis</u> and <u>Monica E. Koch</u>, for respondent.

MEMORANDUM OPINION

JACOBS, <u>Judge</u>:  This matter is before the Court on respondent's motion

for partial summary judgment, filed March 12, 2014, under Rule 121.

Respondent determined a deficiency of $1,366,993 in petitioner's 2008

Federal income tax and an accuracy-related penalty of $273,397.20 pursuant to

section 6662(a).  A notice of deficiency was issued to petitioner on March 7, 2013,

**[*2]** and petitioner timely petitioned this Court requesting a redetermination of respondent's determinations.

The deficiency was based on numerous adjustments. The parties filed a stipulation of settled issues on September 27, 2013, resolving most of the issues. The remaining issues are (1) whether petitioner had a taxable capital gain of $1,512,000 from the sale of residential property (property A) on August 15, 2008, and (2) whether petitioner is liable for the section 6662(a) accuracy-related penalty.

Respondent's motion brings forward two subissues relating to the first of the aforesaid remaining issues: (1) whether petitioner's sale of property A and subsequent purchase of unimproved land qualifies as a deferred exchange under section 1031, and (2) whether petitioner may increase his basis in property A by the amounts of property settlement payments he made to two former spouses incident to divorce.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year involved, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]**                                     <u>Background</u>

The following facts are not in dispute and are derived from the pleadings,

the parties' motion papers, and the supporting exhibits attached thereto.  The facts

are stated solely for purposes of deciding the motion before us.  <u>See</u> <u>Hahn v.</u>

<u>Commissioner</u>, 110 T.C. 140, 141 (1998); <u>Sundstrand Corp. v. Commissioner</u>, 98

T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994).  At the time petitioner

filed his petition, he resided in New York.

On April 21, 1995, while married to his first wife, petitioner purchased

property A for $488,000.  Petitioner and his first wife later divorced, and on

February 4, 2000, they entered into a stipulation of settlement to equitably

distribute their marital property.  Pursuant to the stipulation of settlement,

petitioner's first wife agreed to waive any and all interests she had in property A in

exchange for $500,000.  Petitioner later remarried.  Petitioner and his second wife

divorced.  On April 6, 2006, they entered into a stipulation incident to their

divorce, whereby petitioner paid $80,000 to his second wife as payment for any

and all claims she had or might have against him.

Petitioner sold property A on August 15, 2008, for $2,250,000.  On August

29, 2008, petitioner purchased a parcel of vacant land (property B) for $1,430,000.

Petitioner maintains that property A was held for business use and claims he

[*4] carried out a section 1031 deferred exchange, with his son, an attorney, acting as an intermediary with regard to the transactions.

Respondent rejected petitioner's claim[1] and determined that petitioner had taxable gain from the sale of property A as follows:

| | |
|---|---|
| Sale price | $2,250,000 |
| Basis | -488,000 |
| Sec. 121 exclusion | -250,000 |
| Taxable gain | 1,512,000 |

In addition to his claim that the gain from the sale of property A should be deferred pursuant to section 1031, petitioner asserts that the gain from any sale is less than the amount determined by respondent because his basis in property A should be increased by the amounts ($500,000 plus $80,000, totaling $580,000) paid to his former spouses incident to divorce.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).

---

[1]Respondent rejected petitioner's claim that the gain from the sale of property A should be deferred pursuant to sec. 1031 for two alternative reasons: (1) petitioner failed to use a qualified intermediary when exchanging the properties at issue; and (2) petitioner did not hold property A for productive use in a trade or business or for investment, nor did he hold the land purchased (property B) for productive use in a trade or business or for investment. Respondent's motion addresses only the first of these alternative reasons.

[*5] We may grant full or partial summary judgment where there is no genuine dispute of any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. at 520. The moving party bears the burden of proving that no genuine dispute of material fact exists, and we view all factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Sundstrand Corp. v. Commissioner, 98 T.C. at 520; Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). The nonmoving party cannot rest upon the allegations or denials in his pleadings but must set forth specific facts showing that there is a genuine dispute for trial. Sundstrand Corp. v. Commissioner, 98 T.C. at 520; Dahlstrom v. Commissioner, 85 T.C. at 820-821. If there exists any reasonable doubt as to the facts, the motion must be denied. Sundstrand Corp. v. Commissioner, 98 T.C. at 520 (citing Espinoza v. Commissioner, 78 T.C. 412, 416 (1982)).

Respondent raises two arguments in his motion for partial summary judgment: (1) that the sale of property A and the acquisition of property B did not constitute a valid section 1031 deferred exchange because petitioner failed to use a qualified intermediary, and (2) that petitioner improperly increased his basis in property A by the amounts (totaling $580,000) he paid to his former spouses in

**[\*6]** connection with the respective divorce settlements.  Neither party raises any factual disputes regarding the two sub-issues before us; thus, resolution of each subissue is ripe for summary judgment.

I.      Section 1031 Exchange

Section 1031(a) provides an exception from the general rule that gain or loss is recognized from the sale or exchange of property.  See sec. 1.1031(a)-1(a)(1), Income Tax Regs.  Under section 1031(a)(1) no gain or loss is recognized if property held for productive use in a trade or business or for investment (the relinquished property) is exchanged solely for property of a like kind (the replacement property) that is to be held either for productive use in a trade or business or for investment purposes.  In order to be treated as like-kind property, the replacement property must be identified within 45 days from the date on which the taxpayer transfers the relinquished property, and the replacement property must be received before the earlier of:  (1) 180 days after the date on which the taxpayer transfers the relinquished property, or (2) the due date for the transferor's tax return for the taxable year in which the transfer of the relinquished property occurs.  Sec. 1031(a)(3).  Such a nonsimultaneous exchange is referred to as a "deferred exchange".

**[\*7]** Section 1.1031(k)-1, Income Tax Regs., governs the treatment of deferred exchanges under section 1031. "In order to constitute a deferred exchange, the transaction must be an exchange (i.e., a transfer of property for property, as distinguished from a transfer of property for money)." Sec. 1.1031(k)-1(a), Income Tax Regs. Section 1.1031(k)-1(f)(1), Income Tax Regs., provides: "A transfer of relinquished property in a deferred exchange is not within the provisions of section 1031(a) if, as part of the consideration, the taxpayer receives money or other property."

Section 1.1031(k)-1(g), Income Tax Regs., provides four safe harbors for taxpayers who do not meet this requirement, allowing them to sell property while still enjoying the nonrecognition benefits of section 1031. Petitioner asserts he qualifies for one of the safe harbors. Section 1.1031(k)-1(g)(4), Income Tax Regs., provides that if a taxpayer uses a "qualified intermediary", then the taxpayer's transfer of relinquished property and subsequent receipt of like-kind replacement property will be treated as an exchange, and the taxpayer, essentially, will not be treated as if he/she were in actual or constructive receipt of money or other property before the taxpayer actually receives like-kind replacement property. A qualified intermediary must satisfy a number of requirements, including the requirement that he/she not be a "disqualified person". Sec.

[*8] 1.1031(k)-1(g)(4)(iii), Income Tax Regs. The term "disqualified person" includes an agent of the taxpayer at the time of the transaction, such as the taxpayer's employee, attorney, accountant, investment banker or broker, or real estate agent within the two-year period ending on the date of the transfer of the first of the relinquished properties. Sec. 1.1031-1(k)(2), Income Tax Regs. Persons who bear a relationship described in section 267(b), e.g., family members including ancestors and lineal descendants, are also disqualified persons. Sec. 1.1031-1(k)(3), Income Tax Regs.

Petitioner acknowledges that there was no direct exchange of like-kind property; property A was sold and property B was purchased with proceeds from the sale of property A. Petitioner also acknowledges that the intermediary used in the transaction was his son. However, petitioner asserts that he meets the requirements of the regulation's safe harbor because (1) his son is an attorney; (2) the funds from property A were held in an attorney trust account; and (3) the real estate documents refer to the transaction as a section 1031 exchange. We do not accept petitioner's argument. The regulation is explicit: A lineal descendant is a disqualified person, and the regulation makes no exception based on his/her profession. Consequently, petitioner's disposition of property A and subsequent

**[*9]** acquisition of property B is not a deferred exchange within the purview of section 1031, and he must recognize income on the gain from the sale of property A.

II.    Petitioner's Basis Adjustment

In the notice of deficiency, respondent determined that petitioner's basis in property A was $488,000.  Petitioner disputes this determination, asserting that the two payments he made to his former spouses in connection with his divorces should be included in the property's basis.[2]

Section 1041(a) provides that no gain or loss is recognized on the transfer of property from one spouse to another or to a former spouse, but only if the transfer is incident to a divorce.  Section 1041(b)(2) provides that in the case of any transfer of property described in section 1041(a), the transferee's basis in the transferred property is the same as the transferor's adjusted basis.[3]  Section

---

[2]Petitioner asserts that he also made several capital improvements to property A which increased his basis in the property by additional amounts.  This argument involves facts in dispute and is therefore not appropriate for summary judgment.

[3]In general, sec. 1041 is effective for transfers after July 18, 1984, in taxable years ending after that date.  See Deficit Reduction Act of 1984, Pub. L. No. 98-369, sec. 421(a), 98 Stat. at 793-795.

(continued...)

**[\*10]** 1041(b)(1) provides that for Federal income tax purposes, such transfers are treated as gifts. See Balding v. Commissioner, 98 T.C. 368, 371-372 (1992). A transfer will be treated as incident to a divorce if the transfer occurs within one year after the parties cease to be married or is related to a divorce. Sec. 1041(c).

This nonrecognition rule applies whether the transfer is for the relinquishment of marital rights, for cash or other property, for the assumption of liabilities in excess of basis, or for other consideration and is intended to apply to any indebtedness which is discharged. Balding v. Commissioner, 98 T.C. at 372. Thus, uniform Federal income tax consequences will apply to these transfers notwithstanding that the property may be subject to differing State property laws. Id.

The regulations provide specific guidance regarding such a transfer of property. Section 1.1041-1T(d), Q&A-10, Temporary Income Tax Regs., 49 Fed. Reg. 34453 (Aug. 31, 1984), provides that the transferor of property under section 1041 recognizes no gain or loss on the transfer even if the transfer was in exchange for the release of marital rights or other consideration, regardless of

---

[3](...continued)
Prior law provided that the transfer of appreciated property incident to a divorce resulted in the recognition of gain to the transferor, and the transferee received a basis equal to the asset's fair market value at the time of transfer. Godlewski v. Commissioner, 90 T.C. 200, 203 (1988).

**[*11]** whether the property is separately owned or is a division of community property. Concomitantly, section 1.1041-1T(d), Q&A-11, Temporary Income Tax Regs., supra, provides that the transferee of property recognizes no gain or loss upon the receipt of the transferred property. It continues:

> In all cases, the basis of the transferred property in the hands of the transferee is the adjusted basis of such property in the hands of the transferor immediately before the transfer. Even if the transfer is a bona fide sale, the transferee does not acquire a basis in the transferred property equal to the transferee's cost (the fair market value). This carryover basis rule applies whether the adjusted basis on the transferred property is less than, equal to, or greater than its fair market value at the time of the transfer * * *

Petitioner acknowledges that the $580,000 of payments he made to his former spouses were in connection with his divorces. In the context of the exchange transactions between petitioner and his ex-spouses, petitioner is the transferee of whatever interests his ex-spouses had in property A, and each ex-spouse is the transferor of that interest. Petitioner's first former spouse released her claim to the interest she had in property A in exchange for a $500,000 settlement payment, and his second former spouse released her claims against him for an $80,000 settlement payment. Petitioner asserts that respondent is incorrect in treating these transactions as gifts. But section 1041(b)(1) clearly provides that these transfers are treated as gifts, and section 1041(b)(2) provides that the basis of

**[*12]** the transferee of the property is the same as the adjusted basis of the transferor. Consequently, petitioner may not increase his basis in property A by $580,000 of settlement payments. See Stilz v. Commissioner, T.C. Memo. 1999-245; see also Godlewski v. Commissioner, 90 T.C. at 206.

To reflect the foregoing,

An appropriate order will be issued granting respondent's motion for partial summary judgment.