143 T.C. No. 6

UNITED STATES TAX COURT

G. DOUGLAS BARKETT AND RITA M. BARKETT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28223-12.                           Filed August 28, 2014.

R issued a notice of deficiency concerning Ps' Federal income tax for taxable years 2006 to 2009. R sent the notice more than three years but less than six years after Ps filed their 2006 and 2007 returns. Ps argue under I.R.C. sec. 6501(a) that the notice is invalid as it relates to 2006 and 2007 because R sent it more than three years after they filed their returns for those years. R contends that the six-year limitations period under I.R.C. sec. 6501(e) applies because Ps' omitted gross income exceeded 25% of the gross income they stated in their returns.

On their 2006 and 2007 returns Ps reported amounts realized from the sale of investments of more than $7 million and $4 million, respectively, and total gains from such sales of approximately $123,000 and $314,000, respectively. Ps argue that the amounts they realized, not their gains, should be included in "gross income they stated in their return" for purposes of I.R.C. sec. 6501(e). R contends that only their gains should be included. Our resolution of this dispute will determine the appropriate limitations period.

We have held in other cases that gross income includes only a taxpayer's gains from the sale of investment property, not the taxpayer's entire amounts realized from such sales. Ps argue that those cases are inconsistent with the Supreme Court's recent decision in United States v. Home Concrete & Supply, LLC, 566 U.S. ___, ___, 132 S. Ct. 1836, 1842 (2012). We must decide whether the Home Concrete decision affects our prior cases.

Held: The Home Concrete decision does not affect our prior cases holding that "gross income" includes only gains from the sale of investments, not amounts realized from such sales.

Held, further, the gross income Ps omitted from their 2006 and 2007 returns exceeds 25% of the gross income they stated in those returns, and therefore the six-year limitations period applies.

Ernest S. Ryder, Richard V. Vermazen, and Lauren A. Rinsky, for petitioners.

Mistala M. Cullen and Monica D. Polo, for respondent.

OPINION

GOEKE, Judge: This matter is before us on petitioners' motion for partial summary judgment under Rule 121(a).[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a notice of deficiency concerning petitioners' Federal income tax for the taxable years 2006 to 2009. Petitioners contend that the notice is invalid as it relates to 2006 and 2007 because respondent did not send it within the three-year limitations period provided by section 6501(a). Respondent argues that a six-year limitations period applies under section 6501(e) because petitioners omitted from their returns gross income exceeding 25% of the gross income they reported. We must determine the appropriate limitations period; we hold that a six-year limitations period applies.

## Background

Petitioners resided in California when they filed their petition.

Petitioners filed their 2006 and 2007 Forms 1040, U.S. Individual Income Tax Return, on September 17, 2007, and October 2, 2008, respectively. Respondent sent petitioners a notice of deficiency on September 26, 2012, determining income tax deficiencies for taxable years 2006 to 2009.

In the notice of deficiency, respondent alleged that petitioners had omitted from their 2006 and 2007 returns gross income of $629,850 and $431,957, respectively.[2] On those returns petitioners reported gross income totaling

---

[2]These omissions are unrelated to the investment activities we discuss below. Respondent determined that petitioners omitted compensation they

(continued...)

$271,440 and $340,591, respectively, excluding their shares of the passthrough

entity activity we describe below.

During the years at issue petitioners were 80.04% partners in Barkett Family

Partners, a limited partnership. They were also 100% shareholders of Unicorn

Investments, Inc., an S corporation. These entities reported extensive investment

activity on their 2006 and 2007 returns. Combined, they reported capital gains

from the sale of investments of approximately $123,000 for 2006 and $314,000 for

2007.[3] They reported amounts realized from the sale of investments of more than

$7 million for 2006 and more than $4 million for 2007.[4] On their 2006 and 2007

returns petitioners reported their shares of the entities' gains and losses. For

simplicity's sake, we will refer to the investment activities as if petitioners had

engaged in them directly, i.e., not via the passthrough entities.

---

[2](...continued)
received for dental services they provided to Barkett Dental Corporation, a C
corporation they wholly owned.

[3]Respondent concedes that these amounts represent gross income petitioners
stated in their return.

[4]These amounts include proceeds petitioners reported from sales that
generated losses.

## Discussion

### I. Summary Judgment

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd,17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no genuine dispute of material fact, and the Court will draw any factual inferences in the light most favorable to the nonmoving party. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

### II. Limitations Periods

Under the general rule set forth in section 6501(a), the Internal Revenue Service (IRS) must assess tax or send a notice of deficiency within three years after a return is filed. The limitations period extends to six years under section 6501(e)(1) "[i]f the taxpayer omits from gross income an amount properly includible therein and * * * such amount is in excess of 25 percent of the amount of gross income stated in the return".

Respondent issued the notice of deficiency here more than three years but less than six years after petitioners filed their 2006 and 2007 returns. Thus, the notice is timely with respect to those returns only if the six-year limitations period applies.

III. Analysis

To determine the appropriate limitations period, we must divide the amount of gross income petitioners omitted from their return by the amount of gross income they stated in their return. If the omitted amount is more than 25% of the included amount, the six-year limitations period applies. The parties agree that for the purpose of this calculation, the omitted amounts are $629,850 and $431,957 for taxable years 2006 and 2007, respectively. They disagree over the amounts of gross income petitioners stated in their returns. Petitioners argue that the gross income they stated in their returns should include the amounts realized they reported from the sale of investment assets; respondent argues that it should include only the gain they reported from those sales, i.e., amounts realized less bases of assets sold.

We have considered this issue before and have held that "capital gains, and not the gross proceeds,[5] are to be treated as the 'amount of gross income stated in the return' for purposes of section 6501(e)." Insulglass Corp. v. Commissioner, 84 T.C. 203, 203 (1985); see also Schneider v. Commissioner, T.C. Memo. 1985-139. We decided those cases on the basis of section 61(a), which defines gross income as "all income from whatever source derived", including "[g]ains derived from dealings in property". (Emphasis added.)

In 2010 the Secretary promulgated section 301.6501(e)-1, Proced. & Admin. Regs., which provides instructions consistent with our jurisprudence. T.D. 9511, 2011-6 I.R.B. 455. The regulation also explains how to determine whether gross income has been omitted from a taxpayer's return. The Supreme Court addressed the validity of the regulation in United States v. Home Concrete & Supply, LLC, 566 U.S. ___, ___, 132 S. Ct. 1836, 1842 (2012), and determined that the portion concerning omitted gross income was invalid. Petitioners argue that the Home Concrete decision also invalidated the regulation's instructions concerning the calculation of gross income and consequently our cases on the matter. For the reasons we discuss below, we disagree.

---

[5]Gross proceeds in these cases referred to the amounts the taxpayers realized and reported on their returns.

To fully explain the import of the <u>Home Concrete</u> decision, we must first discuss the Supreme Court's decision in <u>Colony, Inc. v. Commissioner</u>, 357 U.S. 28 (1958).  In <u>Colony</u> the taxpayer had overstated its basis in property it had sold and had consequently underreported its gain on the sale.  The Commissioner argued that the underreported gain constituted "omitted gross income" for the purpose of determining whether the extended limitations period applied.  The Court disagreed, citing the limitations statute's legislative history.  The Court determined that in enacting the statute, Congress intended to give the Commissioner additional time to review a taxpayer's return when the taxpayer had reported no information about a given transaction.  In such cases, the Court said, the Commissioner is particularly disadvantaged because the return does not alert him to suspicious activity requiring further investigation.  When an understatement results from misreported information, rather than a complete omission, the IRS is at no such disadvantage, and the understatement should not contribute to triggering the limitations period extension.

As we noted above, in 2010 the Secretary promulgated section 301.6501(e)-1, Proced. & Admin. Regs., which explained when gross income should be considered omitted for the purpose of triggering the extended limitations period.  The regulation provides that when taxpayers understate their income from a

property sale because they overstated their basis in the property, the amount of the understatement shall be considered omitted income. Sec. 301.6501(e)-1(a)(1)(iii), Proced. & Admin. Regs. The regulation's guidance directly conflicts with Colony, which held that such an understatement is not omitted gross income.

The Court resolved the conflict between the regulation and the Colony holding in Home Concrete. There the taxpayer had overstated its basis in a partnership it had sold and had consequently underreported its gain on the sale. The Commissioner again argued, this time under the regulation, that the underreported gain constituted "omitted gross income". The Court held, after an administrative law discussion we will omit here, that the regulation was invalid because it conflicted with the Colony holding. The Court followed its Colony analysis and held that the underreported gain was not omitted gross income and that it did not belong in the numerator of the statute of limitations calculation. The Home Concrete holding addressed only when gross income is to be considered omitted. It did not address how to calculate gross income.[6]

---

[6]In dictum, the Court did note that "the Code itself define[s] 'gross income' in this context as the difference between gross revenue (often the amount the taxpayer received upon selling the property and basis (often the amount the taxpayer paid for the property)." United States v. Home Concrete & Supply, LLC, 566 U.S. ___, ___, 132 S. Ct. 1836, 1840 (2012).

Petitioners attempt to use the <u>Home Concrete</u> decision to support their position that "gross income" includes amounts realized from the sale of investment property without a corresponding basis adjustment. They state their argument as follows:

> Only when * * * [amounts realized][7] are left out of the computation of gross income are they omitted for purposes of the six-year statute of limitations of section 6501(e)(1)(A). If * * * [amounts realized] are not left out of the computation of gross income, they are not omitted; when they are not omitted, they are included; when they are included, they are stated in the return; when they are stated in the return, they are included in the denominator of the 25% percent omitted calculation of section 6501(e)(1)(A).

We see nothing wrong with petitioners' logic, but it proves only that "gross income stated in the return" includes amounts realized stated in the return. That point is undisputed; one component of gain is amount realized,[8] and respondent concedes that "gross income stated in the return" includes reported gains from the sale of investment property. The disputed issue, which petitioners' argument does not address, is whether "gross income stated in the return" includes only the excess of the amount realized over the bases of the assets sold. We have

---

[7]Petitioner uses the term "gross receipts", but we believe petitioners mean "amounts realized" and will evaluate their argument accordingly.

[8]Sec. 1001 provides "[t]he gain from the sale or disposition of property shall be the excess of the amount realized therefrom over the adjusted basis".

consistently held that it does, and the <u>Home Concrete</u> decision does not disturb our precedents on the matter.

Our Court's history with the issue the Supreme Court faced in <u>Home Concrete</u> and <u>Colony</u> demonstrates the difference between that issue and the one we face in this case. As we mentioned earlier, we have previously resolved the issue petitioners raise here. In <u>Insulglass</u> and <u>Schneider</u>, we determined that gross income includes gains from the sale of investment assets, not simply the amounts realized from such sales. Since we decided those cases, we have addressed the issue the Supreme Court decided in <u>Home Concrete</u> and <u>Colony</u> at least twice. <u>See</u> <u>Intermountain Ins. Serv. of Vail, LLC v. Commissioner</u>, 134 T.C. 211 (2010), <u>rev'd</u>, 650 F.3d 691 (D.C. Cir. 2011); <u>Bakersfield Energy Partners, LP v. Commissioner</u>, 128 T.C. 207 (2007), <u>aff'd</u>, 568 F.3d 767 (9th Cir. 2009). In <u>Bakersfield</u>, which we decided before the Secretary promulgated section 301.6501(e)-1, Proced. & Admin. Regs., we held consistently with <u>Colony</u>. In <u>Intermountain</u>, which we decided after the Secretary promulgated the regulation but before the Supreme Court decided <u>Home Concrete</u>, we determined that the regulation was invalid and again held consistently with <u>Colony</u>. We did not discuss <u>Insulglass</u> or <u>Schneider</u> in either of those cases, because they did not address the same issue. <u>Insulglass</u> and <u>Schneider</u> addressed how to calculate gross

income (the issue we face here). Bakersfield and Intermountain addressed when

gross income is omitted from the return (the issue the Supreme Court faced in

Home Concrete and Colony).

Although the Home Concrete holding does not affect the issue in this case,

we find support for our conclusion in dictum. In addressing one of the

Commissioner's arguments, the Court explained how to calculate income under

the general statutory definition of "gross income":

> the general statutory definition of "gross income" requires subtracting
> the cost from the sales price. Under such a definition of "gross
> income," the calculation would take (1) total revenue from sales,
> $40,000, minus (2) "the cost of such sales," say, $25,000. The
> $10,000 of revenue would thus amount to 67% of the "gross income"
> of $15,000. * * *

Home Concrete & Supply, LLC, 566 U.S. at ___, 132 S. Ct. at 1842. Our holding

is consistent with this example.

An exception to the general statutory definition appears in section

6501(e)(1)(B)(i), which provides that "[i]n the case of a trade or business, the term

'gross income' means the total of the amounts received or accrued from the sale of

goods or services * * * prior to diminution by the cost of such sales or services.

The Court demonstrated the operation of this exception with the following

example: "a merchant who fails to include $10,000 of revenue from sold goods

has not met the 25% test if total revenue is more than $40,000, regardless of the cost paid by the merchant to acquire those goods." Id.

Petitioners essentially argue that we should calculate their gross income under this exception rather than under the general statutory definition of gross income. But they have not argued that the amounts realized at issue here resulted from sales of goods or services. They concede that they sold investment assets. Accordingly, the exception does not apply, and we calculate the gross income petitioner's stated in their return under the general statutory definition of gross income.

IV.  Conclusion

The Home Concrete decision invalidated a portion of a regulation that coincidentally included instructions for calculating gross income from the sale of investment assets. The decision treated favorably, however, the regulation's instructions for calculating gross income stated in the return, which are consistent with our caselaw. Accordingly, we see no reason to stray from our precedents; we hold that "gross income" includes gains from the sale of investment assets, not the entire amounts realized from such sales. Under this rule, petitioners' omitted gross income for 2006 and 2007 exceeds 25% of the gross income they stated in

their returns for those years. Therefore, the six-year limitations period applies to those years and respondent's notice of deficiency is timely with respect to them.

In reaching our holdings herein, we have considered all arguments the parties made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order will be issued denying petitioners' motion for partial summary judgment.