# United States Tax Court

T.C. Memo. 2022-54

IFEOMA EZEKWO,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 15454-21P.                      Filed May 31, 2022.

————

Ifeoma Ezekwo, pro se.

*Susan K. Bollman*, for respondent.


## MEMORANDUM OPINION

LAUBER, *Judge*: In this passport case petitioner seeks review pursuant to section 7345(e) of the determination by the Commissioner of Internal Revenue to certify to the Secretary of the Treasury that petitioner has a "seriously delinquent tax debt" related to tax years 2003, 2004, 2005, 2006, and 2010.[1]  Respondent has filed a Motion for Summary Judgment under Rule 121, contending that his certification was proper and that he is entitled to judgment as a matter of law.  Finding no error in the Commissioner's certification, we will grant the Motion.

----

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                                    *Background*

The following facts are derived from the pleadings, the parties' motion papers, and the exhibits attached thereto.  Petitioner resided in New Jersey when she petitioned this Court.

Petitioner filed tax returns for 2003, 2004, 2005, 2006, and 2010, but she did not pay, with those returns or subsequently, the full amounts of tax reported as due.  The Internal Revenue Service (IRS or respondent) assessed the amounts reported as due plus applicable interest.  In an effort to collect these unpaid liabilities the IRS undertook various collection actions.

The IRS sent petitioner Notices of Intent to Levy (levy notices) covering the five years and thereafter made levies on numerous dates:[2]

| *Tax Year* | *Levy Notice Issued* | *Most Recent Levy Made* |
|------------|----------------------|-------------------------|
| 2003 | 7/15/2006 | 11/23/2020 |
| 2004 | 7/15/2006 | 11/23/2020 |
| 2005 | 6/2/2007 | 1/4/2021 |
| 2006 | 4/23/2013 | 1/4/2021 |
| 2010 | 4/23/2013 | 1/4/2021 |

Petitioner requested a collection due process (CDP) hearing with respect to the July 15, 2006, levy notice associated with tax years 2003 and 2004, but her request was untimely.  She therefore was offered an equivalent hearing.  *See* Treas. Reg. § 301.6330-1(i).  The IRS Office of Appeals (Appeals) resolved petitioner's equivalent hearing in July 2007.  She did not request a CDP hearing with respect to the levy notices associated with tax year 2005, 2006, or 2010.  The time for doing so has long since expired.  *See* § 6330(a)(2), (3)(B).

The IRS also filed notices of Federal tax lien (NFTLs) covering the five years and sent petitioner Notices of Federal Tax Lien Filing and Your Right to a Hearing (lien notices).  The lien notices informed

---

[2] These dates are based on account transcripts current through January 20, 2022.

**[\*3]** petitioner of her right to request a CDP hearing. NFTLs were filed and the lien notices were mailed on the following dates:

| Tax Year | First NFTL Filed | Lien Notice Issued |
|----------|------------------|--------------------|
| 2003 | 11/3/2006 | 11/9/2006 |
| 2004 | 11/3/2006 | 11/9/2006 |
| 2005 | 9/21/2012 | 9/27/2012 |
| 2006 | 9/21/2012 | 9/27/2012 |
| 2010 | 9/21/2012 | 9/27/2012 |

Petitioner timely requested a CDP hearing with respect to the November 9, 2006, lien notice associated with tax years 2003 and 2004. Appeals resolved that CDP hearing in November 2007 after petitioner withdrew her hearing request or waived judicial review. She did not request a CDP hearing with respect to the September 27, 2012, lien notice associated with tax years 2005, 2006, and 2010, or any other lien notice. The time for doing so has long since expired. *See* § 6320(a)(3)(B).

On April 19, 2021, the IRS certified petitioner as an individual owing a seriously delinquent tax debt arising from tax years 2003, 2004, 2005, 2006, and 2010. The IRS concurrently sent petitioner, at her last known address, a Notice CP508C, Notice of Certification of Your Seriously Delinquent Federal Tax Debt to the State Department. At that point petitioner's assessed tax liabilities for the five years totaled $90,201 (including interest of $28,912). Petitioner has now satisfied, largely through levies, her $17,346 tax liability for 2003. In November 2021 the IRS accordingly removed the 2003 liability from her certification. *See* Internal Revenue Manual 5.19.25.10(1) (Aug. 12, 2020).

On May 5, 2021, petitioner petitioned this Court, contending that the "IRS is wrong" and that she "do[es] not owe [the] IRS" because funds had already been collected from her by levy. She alleged harassment by the IRS and asserted that it had "refused to give [her] any accounting about how they are applying the money." Respondent filed the Motion for Summary Judgment, which petitioner opposed.

**[\*4]**                    *Discussion*

A.    *Scope and Standard of Review Under Section 7345*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). In cases that are subject to a de novo scope of review, this Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); S*undstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). In cases that are decided on the administrative record, this Court ordinarily decides the issues raised by the parties by reviewing the administrative record using a summary adjudication procedure. *See Van Bemmelen v. Commissioner*, 155 T.C. 64, 78–79 (2020) (discussing the relationship between scope and standard of review and the standard of summary adjudication).

As in *Rowen v. Commissioner*, 156 T.C. 101, 106 (2021), we need not decide in this case either the applicable scope or standard of review. As to the scope of review, there is no material dispute between the parties regarding the evidence we should consider. As to the standard of review, our decision would be the same whether we reviewed the Commissioner's certification de novo or for abuse of discretion.

B.    *Section 7345 Overview*

Section 7345(a) provides that, if the IRS certifies that a taxpayer has "a seriously delinquent tax debt," that certification shall be transmitted "to the Secretary of State for action with respect to denial, revocation, or limitation of [the taxpayer's] passport." The IRS is responsible for notifying the taxpayer contemporaneously with the making of such certification. § 7345(d). A "seriously delinquent tax debt" is a Federal tax liability that has been assessed, exceeds $50,000 (adjusted for inflation), is unpaid and legally enforceable, and with respect to which a lien notice has been filed or a levy made. § 7345(b)(1), (f). The adjusted threshold amount for 2021, the year of petitioner's certification, was $54,000. *See* Rev. Proc. 2020-45, § 3.59, 2020-46 I.R.B. 1016, 1027. If a certification "is found to be erroneous or if the debt with respect to such certification . . . ceases to be a seriously delinquent tax debt by reason of subsection (b)(2)," the IRS must reverse its certification and notify the Secretary of State and the taxpayer. § 7345(c)(1), (d). "In the case of a

**[\*5]** certification found to be erroneous, such notification shall be made as soon as practicable after such finding." § 7345(c)(2)(D).

Section 7345(e)(1) permits a taxpayer who has been certified as having a seriously delinquent tax debt to petition this Court to determine "whether the certification was erroneous or whether the [IRS] has failed to reverse the certification." If we find that a certification was erroneous, we "may order the Secretary [of the Treasury or her delegate] to notify the Secretary of State that such certification was erroneous." § 7345(e)(2). The statute specifies no other form of relief that we may grant.

C.  *Analysis*

The record shows that respondent has met the criteria to certify that petitioner has a "seriously delinquent tax debt." Respondent has supplied copies of petitioner's IRS account transcripts for 2003, 2004, 2005, 2006, and 2010, current through January 20, 2022. They show all assessments and abatements of tax and interest; all payments credited; notices of lien and levy issued; and certifications of petitioner as an individual owing a seriously delinquent tax debt under section 7345.[3]

The account transcripts show that, as of April 2021, petitioner had assessed, unpaid, and legally enforceable Federal income tax liabilities totaling $90,201 (including interest of $28,912). That amount exceeds the $54,000 threshold required for certification. Petitioner has now satisfied, largely through levies, her $17,346 tax liability for 2003, and that liability has been removed from her certification. Her liability for the remaining four years is $72,855, which likewise exceeds the $54,000 threshold required for certification.

The record establishes, with respect to each year subject to certification, that "a notice of lien has been filed pursuant to section 6323" and that "a levy [has been] made pursuant to section 6331." *See* § 7345(b)(1)(C). Either type of collection action is sufficient to render a tax debt "seriously delinquent."

A "seriously delinquent tax debt" is defined to exclude "a debt with respect to which collection is suspended" because "a [CDP] hearing

___
[3] The transaction codes for the lien notice for 2003 and 2004 do not appear on the transcripts for those years, but respondent has supplied a copy of the lien notice sent to petitioner by certified mail on November 9, 2006, which shows that NFTLs for 2003 and 2004 were filed on November 3, 2006.

**[*6]** under section 6330 is requested or pending." § 7345(b)(2)(B)(i).  The record establishes that petitioner did not request a CDP hearing with respect to the levy or lien notices for 2005, 2006, or 2010.  She did request a CDP and/or equivalent hearing with respect to the levy and lien notices for 2003 and 2004.  But those hearings were resolved in 2007, affording petitioner no relief, and they are no longer "pending."[4]

To the extent petitioner is seeking to challenge the amount of her underlying tax liability for 2003, 2004, 2005, 2006, or 2010, that challenge would be impermissible.  Section 7345(e)(1) circumscribes quite narrowly our jurisdiction in passport cases.  The only determination we are authorized to make is whether the Commissioner's certification of a taxpayer as a person having a seriously delinquent tax debt (or his failure to reverse a certification) "was erroneous."  § 7345(e)(1).  And the only relief we are authorized to grant is to order the Commissioner "to notify the Secretary of State that such certification was erroneous." § 7345(e)(2); *see Garcia v. Commissioner*, 157 T.C. 1, 9–10 (2021); *Shitrit v. Commissioner*, T.C. Memo. 2021-63, 121 T.C.M. (CCH) 1481, 1483. Section 7345 does not permit taxpayers to challenge, in a passport case such as this, the assessed tax liabilities that have triggered their certification.

Petitioner has expressed some confusion about the amounts of the IRS's levies to date and whether those levies were properly credited against her tax liabilities.  She therefore requests a "history and breakdown and account of her tax."  That history and breakdown appear in her account transcripts, which the IRS makes available to taxpayers as a matter of course.  Account transcripts for the years in issue are also attached to respondent's Motion for Summary Judgment.[5]

Because the evidence conclusively supports the Commissioner's certification of petitioner as owing a seriously delinquent tax debt within

---

[4] A "seriously delinquent tax debt" also excludes a debt that "is being paid in a timely manner pursuant to an agreement . . . under section 6159 or 7122" and a debt with respect to which "innocent spouse" relief under section 6015(f) has been requested.  § 7345(b)(2)(A), (B)(ii).  There is no evidence, and petitioner does not allege, that either of these exclusions applies here.

[5] In 2007 petitioner filed a petition in docket No. 25581-07S, referencing tax years 2003–2007 and asking the Court to "stop all levy and liens against [her] business and personal property."  But she did not supply any evidence that the IRS had issued her a notice of determination sufficient to confer jurisdiction on this Court under section 6330(d).  On June 10, 2011, we accordingly dismissed that case for lack of jurisdiction.

**[*7]** the meaning of section 7345(b), we conclude that respondent is entitled to summary judgment.  To reflect the foregoing,

*An appropriate order and decision will be entered.*