# United States Tax Court

T.C. Memo. 2023-154

DANIEL OLIN NYE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 2627-23P.                    Filed December 28, 2023.

————————

Daniel Olin Nye, pro se.

*Christina L. Holland*, for respondent.

## MEMORANDUM OPINION

KERRIGAN, *Chief Judge*: In this passport case petitioner seeks review pursuant to section 7345(e) of the determination by the Commissioner of the Internal Revenue Service (IRS or respondent) to certify to the Secretary of the Treasury that petitioner has a "seriously delinquent tax debt" related to income tax deficiencies for 2012, 2013, 2014, and 2015 (years at issue), and civil trust fund recovery penalties pursuant to section 6672 for periods ending 2011, 2012, 2013, 2014, 2015, and 2016 (periods at issue) (collectively, years and periods at issue). Respondent filed a Motion for Summary Judgment under Rule 121 (Motion), contending that certification was proper and that he is entitled to judgment as a matter of law. Petitioner did not respond to the Motion and has not otherwise communicated with the Court. Finding no error in the Commissioner's certification, we will grant the Motion.

Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times,

**[\*2]** and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

*Background*

The following facts are derived from the pleadings, respondent's Motion, and the Exhibits attached thereto. Petitioner resided in Colorado when he petitioned this Court.

Petitioner timely filed tax returns for the periods at issue, but failed to collect, account for, and pay over Social Security and federal income taxes withheld from employees. The IRS imposed on petitioner civil trust fund recovery penalties pursuant to section 6672 for the periods at issue. Respondent assessed the penalties due plus applicable interest. Respondent also assessed income tax deficiencies with respect to petitioner for the years at issue. The assessed deficiencies and civil penalties for the years and periods at issue, as of February 27, 2023, are as follows:

| Year or Period | Deficiency | Civil Penalty | Total Owed (Including Interest) |
|---|---|---|---|
| 2011 | — | $3,061 | $3,726 |
| 2012 | $10,847 | 3,002 | 17,896 |
| 2013 | 14,937 | 3,825 | 23,131 |
| 2014 | 14,530 | 3,825 | 22,636 |
| 2015 | 7,457 | 3,825 | 14,026 |
| 2016 | — | 14,227 | 17,806 |
| Total | $47,771 | $31,765 | $99,222 |

The IRS also filed notices of federal tax lien (NFTLs) covering the years and periods at issue and sent petitioner Notices of Federal Tax Lien Filing and Your Right to a Hearing (lien notices). The lien notices informed petitioner of his right to request a CDP hearing. The IRS sent petitioner Notices CP523, Notice of Intent to Levy—You Defaulted On Your Installment Agreement (Notice of Intent to Levy), covering the years and periods at issue and thereafter made levies. NFTLs were filed and lien notices were mailed between December 2014 and June 2018 for each of the years and periods at issue.

On January 11, 2017, petitioner timely requested a collection due process hearing (CDP hearing) with respect to the December 15, 2016,

[*3] lien notice associated with the 2015 income tax deficiency. The IRS Office of Appeals (Appeals) resolved petitioner's CDP hearing in July 2017 and issued a notice of determination. Upon receipt of the notice of determination, petitioner did not petition the Court. Petitioner did not request a CDP hearing with respect to any of the other NFTL filings.

On July 30, 2018, respondent certified petitioner as an individual owing a seriously delinquent tax debt arising from each of the years and periods at issue, as well as from deficiencies in income tax for 2008 and 2009. Petitioner entered into an installment agreement with respondent on October 3, 2018, and established a monthly payment of $318. The installment agreement was conditional upon periodic reviews of petitioner's current financial condition. *See Internal Revenue Manual* 5.19.1.6.5.4 (July 1, 2021). Respondent reversed petitioner's certification as an individual owing a seriously delinquent tax debt on November 12, 2018.

Payments pursuant to the installment agreement were applied against petitioner's tax liabilities for 2008 through 2010, in chronological order, until the remaining balance for each year was written off because of the expiration of the period of limitations. From December 2021 through March 2023, payments made pursuant to the installment plan were applied against petitioner's tax liability for 2012.

Respondent periodically reviewed petitioner's payment history. On November 7, 2022, respondent mailed petitioner a Notice of Intent to Levy for each of the years and periods at issue. The Notices of Intent to Levy stated that petitioner did not provide updated financial statements as required under the installment agreement. They notified petitioner that he could provide the updated financial statements or request a Collection Appeals Program hearing, but that failure to do either would result in the termination of his installment agreement. Petitioner neither requested a Collection Appeals Program hearing nor provided the requested information.

Respondent terminated the installment agreement on or about January 9, 2023. On February 27, 2023, respondent recertified petitioner as an individual owing a seriously delinquent tax debt arising from the years and periods at issue. The IRS concurrently sent petitioner a Notice CP508C, Notice of Certification of Your Seriously Delinquent Federal Tax Debt to the State Department (Passport Notice). At this time petitioner's assessed tax liabilities for the years and periods at issue totaled $99,222 (including interest of $19,685).

[*4]  On March 5, 2023, petitioner petitioned this Court disputing the Passport Notice pursuant to section 7345(e)(1).  He asserted in the Petition that he has complied with the terms of the installment agreement, has timely provided financial documentation, and has continued making monthly payments of $318.

## Discussion

### Scope and Standard of Review Under Section 7345

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988).  In cases that are subject to a de novo scope of review, we may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(a); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).  In cases that are decided on the administrative record, this Court ordinarily decides the issues raised by the parties by reviewing the administrative record using a summary adjudication procedure.  *See Van Bemmelen v. Commissioner*, 155 T.C. 64, 78–79 (2020) (discussing the relationship between the scope and standard of review and the standard of summary adjudication).

The Court has not yet decided the scope and standard of review for cases arising under section 7345.  As in *Rowen v. Commissioner*, 156 T.C. 101, 106 (2021), we need not decide in this case the applicable scope or standard of review.  As to the scope of review, there is no material dispute between the parties regarding the evidence we should consider.  As to the standard of review, our decision would be the same whether we reviewed respondent's certification de novo or for abuse of discretion.

### Section 7345 Overview

If the Commissioner certifies that a taxpayer has "a seriously delinquent tax debt," section 7345(a) provides that the certification shall be transmitted "to the Secretary of State for action with respect to denial, revocation, or limitation of [the taxpayer's] passport."  The Commissioner is required to contemporaneously notify the individual upon making that certification.  § 7345(d).

Generally, a "seriously delinquent tax debt" is a federal tax liability that (1) has been assessed, (2) exceeds $59,000 (after adjusting for inflation), (3) is unpaid and legally enforceable, and (4) is the subject

[*5] of a completed levy or a filed lien notice with all administrative rights exhausted or lapsed. § 7345(b)(1), (f); *see* Rev. Proc. 2022-38, § 3.59, 2022-45 I.R.B. 445, 456; *see also Garcia v. Commissioner*, 157 T.C. 1, 7 (2021). If a certification is found to be erroneous, or if the certified debt is fully satisfied or ceases to be seriously delinquent by reason of subsection (b)(2), the IRS must reverse its certification and notify the Secretary of State and the taxpayer. § 7345(c)(1), (d).

Section 7345(e)(1) permits a taxpayer who has been certified as having a "seriously delinquent tax debt" to petition this Court to determine "whether the certification was erroneous or whether the Commissioner has failed to reverse the certification." If we find that a certification was erroneous, we "may order the Secretary [of the Treasury] to notify the Secretary of State that such certification was erroneous." § 7345(e)(2). The statute specifies no other form of relief that we may grant. *Garcia*, 157 T.C. at 7.

*Whether the Certification of Seriously Delinquent Tax Debt Was Erroneous*

The record shows that respondent met the criteria to certify that petitioner has a "seriously delinquent tax debt." Respondent has supplied the account transcripts for petitioner's income tax and civil penalty accounts for the years and periods at issue, as well as Notices of Intent to Levy. The account transcripts provide substantially the same information as Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters. They reflect assessments for each of the years and periods at issue and show that as of May 2023, petitioner had assessed, unpaid, and legally enforceable federal tax liabilities of $99,222. The Notices of Intent to Levy notified petitioner of the pending termination of his installment agreement and his remedy through a Collection Appeals Program hearing. Petitioner did not request a Collection Appeals Program hearing.

The record also establishes that, for each of the years and periods at issue, an NFTL (with all administrative rights exhausted or lapsed) has been filed. *See* § 7345(b)(1)(C). Between December 2016 and June 2018 respondent filed NFTLs with respect to petitioner's income tax and civil penalty liabilities for the years and periods at issue. To demonstrate the filing of NFTLs and exhausted or lapsed rights, respondent relies on the account transcripts. Nothing in the account transcripts suggests any defect with respect to the notices, nor does petitioner allege that there were any defects. The account transcripts

[*6] also show that petitioner's administrative rights under section 6320 have been exhausted or have lapsed.  With respect to petitioner's income tax liability for 2015, he timely requested a CDP hearing on January 11, 2017.  The transcript states that on July 14, 2017, the CDP hearing was resolved by Appeals, a notice of determination was issued, and petitioner "waived judicial review or withdrew the hearing request."  No such request was made with respect to petitioner's other tax liabilities.

This is sufficient to establish that respondent satisfied the requirements of section 7345(b)(1)(C)(i) for each of the years and periods at issue.  *Belton v. Commissioner*, T.C. Memo. 2023-13 at *13; *see generally United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.").  On the record before us, at the time of certification petitioner's liabilities met the statutory definition of "seriously delinquent tax debt."

*Petitioner's Remaining Argument*

Petitioner contends that when the IRS issued the Notices of Intent to Levy and requested additional documents, he provided the documents within the allowed timeframe.  Petitioner further asserts that he has not defaulted on the installment agreement, and he continued making monthly payments of $318 until petitioning the Court.

The account transcript for petitioner's 2012 income tax liability confirms the continued payments.  The Court has seen no evidence from either party in support of petitioner's claim that he submitted documentation following the issuance of the Notices of Intent to Levy.  Petitioner has not submitted evidence either in support of his claim or in objection to respondent's Motion.  The account transcripts likewise provide no evidence of additional documentation. Petitioner rests on the mere allegation of sufficient documentation from his pleadings but fails to set forth specific facts even upon Order by the Court.  Petitioner has failed to establish this argument as a disputed material fact.

*Conclusion*

We hold that the certification of petitioner as a taxpayer owing a "seriously delinquent tax debt" was not erroneous.  We will grant summary judgment for respondent.

**[*7]**   To reflect the foregoing,

*An appropriate order and decision will be entered.*