T.C. Summary Opinion 2016-81

UNITED STATES TAX COURT

GREGORY MACDONALD BERRY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26479-13S.                    Filed December 13, 2016.

Gregory MacDonald Berry, pro se.

<u>Rachael J. Zepeda</u> and <u>Derek S. Pratt</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $793 in petitioner's Federal income tax for 2008, an addition to tax under section 6651(a)(1) of $135, and an accuracy-related penalty under section 6662(a) of $76. Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a). At the time the petition was filed, petitioner resided in Arizona.

This case is before the Court on respondent's motion for summary judgment, with a supporting declaration, filed pursuant to Rule 121. Petitioner filed a response opposing respondent's motion. Respondent filed a supplement to motion for summary judgment, with a supporting declaration, to which petitioner filed a reply.

## Background[2]

On or about April 13, 2012, petitioner submitted to the Internal Revenue Service (IRS) a Form 1040EZ, Income Tax Return for Single and Joint Filers With

---

[1](...continued)
Code (Code), as amended and in effect for 2008, and Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[2]The following background facts are not in dispute or are drawn from the pleadings and other documents making up the record in this case.

No Dependents, for the taxable year 2008. Petitioner reported income of $5,800 on line 1 (wages, salaries, and tips), a personal exemption of $8,950, taxable interest of zero, an earned income credit of $438, and a recovery rebate credit of $400, resulting in an overpayment of $838 for which he claimed a refund. The IRS examined petitioner's tax return and issued a letter to him requesting additional information. Petitioner responded by submitting to the IRS a Schedule C-EZ, Net Profit From Business, indicating that he was self-employed and that he had earned gross receipts of $5,800 in 2008.

Respondent issued to petitioner a notice of deficiency determining that he was liable for self-employment tax of $820 on $5,800 of self-employment income, offset by an earned income credit of $438, leaving a balance due of $382. Respondent disallowed the $400 recovery rebate credit that petitioner had claimed, treating it as a math error under sections 6428(f)(1) and 6213(b)(1).[3] Petitioner filed a timely petition for redetermination with the Court asserting that he is entitled to an earned income credit of $438 and a recovery rebate credit of $400.

---

[3]The record includes transcripts of petitioner's account for the taxable year 2007 which show that he received an advance refund (or an "economic stimulus payment") of $300 by way of a direct deposit from the U.S. Treasury to his bank account on June 9, 2008. See sec. 6428(g).

On March 25, 2016, respondent filed a first amendment to answer setting forth an alternative position that petitioner is not entitled to an earned income credit for 2008 because he did not have net earnings from self-employment in 2008.

In response petitioner asserted that the $5,800 that he reported on line 1 of his tax return for 2008 represents the proceeds from a one-time sale of tools and machinery and that those proceeds are not subject to self-employment tax. He also stated that he was not employed by any person or business in 2008.

Respondent maintains, for purposes of his motion for summary judgment, as supplemented, that for the taxable year 2008 petitioner did not earn income subject to self-employment tax, his correct Federal income tax liability is zero, and he is not entitled to an earned income credit or a recovery rebate credit. Finally, respondent concedes that petitioner is not liable for the addition to tax under section 6651(a)(1) or the accuracy-related penalty under section 6662(a) determined in the notice of deficiency.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal

issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits * * * , if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b). When a motion for summary judgment is made and supported as provided in Rule 121, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavit or as otherwise provided in Rule 121, must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d). If the adverse party does not respond as described above, then a decision, if appropriate, may be entered against such party. Id.

Respondent's motion for summary judgment, as supplemented, is well founded in the light of the averments therein and the declaration and related exhibits attached thereto. We conclude that there is no genuine dispute as to any material fact and that respondent is entitled to judgment as a matter of law sustaining the alternative position articulated in respondent's first amendment to answer.

I. Earned Income Credit

Section 32(a)(1) allows an eligible individual a credit against income tax in an amount equal to the credit percentage of so much of the individual's earned

income for the taxable year as does not exceed the earned income amount. Section 32(c)(2)(A) defines the term "earned income" as wages, salaries, tips, and other employee compensation includable in gross income for the taxable year, plus the amount of the taxpayer's net earnings from self-employment for the taxable year within the meaning of section 1402(a).

Petitioner admits that he was not employed in 2008 and that the $5,800 of income that he reported on line 1 of his tax return arose from a one-time sale of tools and machinery. Consequently, that income did not constitute wages, salaries, tips, or other employee compensation within the meaning of section 32(c)(2)(A).

Section 1401(a) imposes a tax on self-employment income of every individual. The term "net earnings from self-employment" is defined in section 1402(a) in relevant part as the gross income derived by an individual from any trade or business carried on by the individual. The term "trade or business" is defined in section 1402(c) (with exceptions not pertinent here) as having the same meaning as when used in section 162 (relating to trade or business expenses). In Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987), the Supreme Court explained that "to be engaged in a trade or business, the taxpayer must be involved in the activity with continuity and regularity and that the taxpayer's primary

purpose for engaging in the activity must be for income or profit. A sporadic activity, a hobby, or an amusement diversion does not qualify."

Petitioner was not engaged in a trade or business of selling tools and machinery. The sale in question was a one-time event as opposed to an undertaking requiring time, attention, and effort with substantial regularity. See, e.g., Ryther v. Commissioner, T.C. Memo. 2016-56 (holding that a taxpayer's intermittent sales of scrap metal did not constitute a trade or business and the income that the taxpayer realized from that activity was not subject to self-employment tax). Consistent with the governing statutory provisions and applicable legal precedent, we conclude that petitioner had no earned income in 2008 within the meaning of section 32(c)(2)(A) and he is not eligible for the earned income credit in dispute.

## II. Recovery Rebate Credit

In early 2008 Congress added the recovery rebate credit to the Code and authorized the Secretary to refund or credit any resulting overpayment of income tax to eligible taxpayers as rapidly as possible. See Economic Stimulus Act of 2008, Pub. L. No. 110-185, sec. 101(a), 122 Stat. at 613, effective February 13, 2008. In this regard, section 6428(a) provided a one-time refundable credit to an eligible individual in an amount equal to the lesser of the taxpayer's net income

tax liability or $600.  See Sarmiento v. United States, 678 F.3d 147, 155 (2d Cir. 2012); Figures v. Commissioner, T.C. Memo. 2012-296.  Section 6428(b) provided special rules under which taxpayers with qualifying income of at least $3,000 were entitled to a minimum credit of $300.  The term "qualifying income" was defined in section 6428(e)(1)(A)-(C) as earned income, Social Security benefits, and compensation or a pension received under title 38.

To permit expedited refunds, section 6428(g) provided for an "advance refund" to eligible individuals for the taxable year 2007, accompanied by an offset (as prescribed in subsection (f)) against the credit or refund otherwise available to the individual for the taxable year 2008.  See Sarmiento, 678 F.3d at 155.

As previously mentioned, respondent's records suggest that petitioner received an advance refund or "economic stimulus payment" of $300 on June 9, 2008, for the taxable year 2007, pursuant to the provisions of section 6428(g). Petitioner maintains that he did not receive this payment.  In any event, consistent with our determination that petitioner had no earned income within the meaning of section 32(c)(2) in taxable year 2008, it follows that he lacked the "qualifying income" required to be eligible for a recovery rebate credit for taxable year 2008.

To reflect the foregoing,

An appropriate order and decision will be entered.