T.C. Memo. 2017-71

UNITED STATES TAX COURT

DAMON AARON REDFIELD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3915-16.                    Filed April 26, 2017.

Damon Aaron Redfield, pro se.

<u>Jeffrey E. Gold</u> and <u>Stephen C. Welker</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  This case is currently before the Court on respondent's motion for partial summary judgment.  Respondent contends that petitioner is not entitled to a foreign earned income exclusion under section 911 for tax year 2010

[*2] because he failed to make a timely election as required by the governing regulations.[1]  We agree with respondent and accordingly will grant the motion.

Background

The following facts are derived from the parties' pleadings and motion papers, including the declaration of respondent's counsel and the exhibits attached thereto.  Petitioner resided in Virginia when he filed his timely petition.

Petitioner served for 12 years in the U.S. Marine Corps, including several tours of duty in Afghanistan.  Sometime before 2010 he left the Marines as a disabled veteran suffering from memory loss and post-traumatic stress disorder.  In late 2009 he was offered a civilian position at the Kandahar Air Field in Kandahar Province, Afghanistan.  Believing that he had made sufficient progress toward recovery, he accepted that position, arriving in Kandahar in January 2010.  Unfortunately, his physical and mental condition worsened, and he was forced to return to the United States before completing his one-year assignment.

Petitioner received an extension of time until October 15, 2011, to file his 2010 Federal income tax return.  He did not file a return by that date.  On May 27, 2014, the Internal Revenue Service (IRS or respondent) prepared a substitute for

---

[1]All statutory references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

**[\*3]** return (SFR) that met the requirements of section 6020(b). On September 4, 2014, the IRS sent petitioner a timely notice of deficiency based on that SFR, determining a tax deficiency of $55,217 and various additions to tax.

Petitioner did not petition this Court in response to that notice. Instead, on October 7, 2014, he submitted to the IRS a delinquent return for 2010 on which he reported wages of $240,211 and total income of $241,140. He included with this return Form 2555, Foreign Earned Income, on which he sought to exclude $49,136 of earnings from his work in Afghanistan. After giving effect to that exclusion, he reported total tax of $28,622, payments of $22,510, and tax due of $6,189.

Following an examination of that return the IRS sent petitioner a second notice of deficiency, upon which this case is based.[2] In that notice the IRS disallowed petitioner's claim for a foreign earned income exclusion (FEIE) because he had not elected to exclude foreign earned income on a prior Federal income tax return and had failed to make a valid election for 2010. That disallowance, in conjunction with certain computational adjustments, produced a deficiency of $15,982. The IRS also determined late-filing and late-payment additions to tax

---

[2]Because petitioner did not petition this Court in response to the first notice of deficiency, section 6212(c)(1) did not bar the issuance of a second notice of deficiency for 2010.

**[\*4]** under section 6651(a)(1) and (2) and an accuracy-related penalty under section 6662(a).

On January 19, 2017, respondent filed a motion for partial summary judgment under Rule 121. Petitioner responded to that motion on February 26, 2017.

Discussion

A.  Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment "upon all or any part of the legal issues in controversy" when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(a); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Ibid. However, the nonmoving party "may not rest upon the mere allegations or denials" of his pleadings but instead "must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

**[\*5]**   Respondent seeks summary judgment on a narrow legal ground, namely, that petitioner did not satisfy the procedural requirements for making a timely FEIE election.  We conclude that there are no material disputes of fact affecting disposition of this issue and that it may be adjudicated summarily.[3]

B.   Analysis

Section 61(a) provides that gross income means "all income from whatever source derived."  Citizens of the United States are taxed on their worldwide income unless a specific exclusion applies.  Eram v. Commissioner, T.C. Memo. 2014-60, 107 T.C.M. (CCH) 1320, 1323.  Exclusions from gross income are construed narrowly, and a taxpayer must clearly establish his entitlement to any such exclusion.  Ibid.

Section 911(a)(1) provides that, "[a]t the election of a qualified individual * * *, there shall be excluded from the gross income of such individual * * * for any taxable year * * * the foreign earned income of such individual," subject to limitations set forth in subsection (b)(2).  To be a "qualified individual" eligible for this exclusion, a taxpayer must satisfy a three-part test.  First, he must be a U.S.

---

[3]We leave for further proceedings respondent's determinations, as set forth in the second notice of deficiency, that petitioner is liable for additions to tax under section 6651(a)(1) and (2) and for an accuracy-related penalty under section 6662(a).  The other adjustments set forth in the notice of deficiency appear to be computational.

[*6] citizen who is either a "bona fide resident" of a foreign country for the entire year or physically present in a foreign country during at least 330 days in a 12-month period.  Id. subsec. (d)(1).  Second, he must have "earned income" from personal services rendered in a foreign country.  Id. subsec. (d)(2).  Third, his "tax home" for the applicable period must be outside the United States.  Id. subsec. (d)(3).  Foreign earned income does not include amounts "paid by the United States or an agency thereof to an employee of the United States or an agency thereof."  Id. subsec. (b)(1)(B)(ii).[4]

In addition to satisfying these substantive tests, the taxpayer must also make an affirmative "election" to exclude foreign earned income.  Id. subsec. (a) (first sentence).  The statute is silent as to the timing of a valid election.  However, section 911(d)(9) directs the Secretary to "prescribe such regulations as may be necessary or appropriate to carry out the purposes of this section."  And section 7805(d) provides that, "[e]xcept to the extent otherwise provided by this title, any election under this title shall be made at such time and in such manner as the Secretary shall prescribe."

---

[4]Respondent alleges that there exist material disputes of fact concerning petitioner's satisfaction of one or more of the requirements outlined in the text. Since we hold that petitioner's failure to make a proper FEIE election renders him ineligible for the exclusion as a matter of law, we need not address these factual matters.

[*7]   Pursuant to this delegation of authority the Secretary promulgated section 1.911-7(a)(2), Income Tax Regs., which establishes the timing requirements under which a valid election can be made.[5]   This regulation sets forth four alternative timing methods.  The first three methods, which can be addressed briefly, are as follows:

> (i) In general.--In order to make a valid election under this paragraph (a), the election must be made:
>
>> (A) With an income tax return that is timely filed (including any extensions of time to file),
>>
>> (B) With a later return filed within the period prescribed by section 6511(a) amending the foregoing timely filed return, [or]
>>
>> (C) With an original income tax return that is filed within one year after the due date of the return (determined without regard to any extension of time to file) * * *

The parties agree that petitioner did not make a timely election under any of these methods.  He did not file his 2010 Federal income tax return by October 15, 2011, the extended due date.  The return that he filed in October 2014 did not amend a "timely filed return."  And that delinquent return was not "filed within one year after the due date" of his 2010 return.

---

[5]Petitioner does not challenge the validity of this regulation, which we have previously sustained.  See Faltesek v. Commissioner, 92 T.C. 1204, 1212-1213 (1989); McDonald v. Commissioner, T.C. Memo. 2015-169, 110 T.C.M. (CCH) 239, 242-243 & n.6.

**[*8]** The fourth specified timing method is a bit more complicated. Subdivision (i)(D) provides that, if a taxpayer makes an FEIE election on a return filed after the periods specified in subdivisions (i)(A), (B), and (C), the election will nevertheless be valid if:

(1) The taxpayer owes no federal income tax after taking into account the exclusion * * * ; or

(2) The taxpayer owes federal income tax after taking into account the exclusion and files Form 1040 with Form 2555 or a comparable form attached before the * * * [IRS] discovers that the taxpayer failed to elect the exclusion.

(3) A taxpayer filing an income tax return pursuant to paragraph (a)(2)(i)(D)(1) or (2) of this section must type or legibly print the following statement at the top of the first page of the Form 1040: "Filed Pursuant to Section 1.911-7(a)(2)(i)(D)."

The parties agree that petitioner did not make a timely election under subdivision (i)(D)(1). The return he filed in October 2014, after taking the FEIE exclusion into account, reported total tax of $28,622 and tax due (net of payments) of $6,189. This is not a case where the taxpayer "owes no federal income tax after taking into account the exclusion."

The parties' dispute focuses on subdivision (i)(D)(2). Petitioner contends that he "met this exception by filing his Form 1040 with Form 2555 attached [and] paid the income tax due, before the IRS discovered that [he] failed to elect the ex-

[*9] clusion." Respondent disputes that contention, urging that the IRS "discovered [that] petitioner failed to report his income for 2010, filed a substitute for return, and issued a notice of deficiency before petitioner eventually filed his 2010 return" in October 2014.

Respondent has the stronger side of this argument, as shown by McDonald v. Commissioner, T.C. Memo. 2015-169 110 T.C.M. (CCH) 239. The facts there were remarkably similar to those here. The taxpayer did not file a return for 2009; the IRS prepared an SFR in January 2012 and issued a notice of deficiency based on that SFR. Rather than petitioning this Court the taxpayer filed a delinquent 2009 return in May 2012, more than two years after the due date, accompanied by a Form 2555 claiming an FEIE. The IRS examined that return and sent the taxpayer a second notice of deficiency, disallowing the FEIE for failure to make a timely election.

In McDonald, as here, the parties' dispute eventually focused on subdivision (i)(D)(2) of the governing regulation. We ruled that the taxpayer had not satisfied the requirements of that subdivision for making a timely election, reasoning as follows:

> [T]he IRS discovered that * * * [the taxpayer] had failed to make a valid election before she filed her Form 1040 for 2009. Specifically, the IRS discovered that she had failed altogether to file any return--

**[\*10]** and thus discovered that she had failed to file Form 2555--no later than the date on which it issued the SFR in January 2012, i.e., months before \* \* \* [the taxpayer] filed her first Form 1040 for 2009 in May 2012.  McDonald, 110 T.C.M. (CCH) at 242.

The same reasoning applies here.  By preparing for petitioner on May 27, 2014, an SFR that treated all of his wages for 2010 as gross income, the IRS evidenced its "discovery" that he had failed to elect the FEIE for that year by filing a Form 1040 accompanied by a properly completed Form 2555.  Petitioner did not file his delinquent 2010 return accompanied by a Form 2555 until October 7, 2014, more than four months later.[6]

We acknowledge petitioner's military service to this country and recognize that he emerged far from unscathed from his tours of duty in Afghanistan.  We understand that the procedural requirements for making a timely FEIE election are not exactly intuitive and that the scars petitioner incurred during his military service may have contributed to the tax delinquency at issue.  While these facts may

---

[6]As was also true of the taxpayer in McDonald, petitioner did not follow the instruction set forth in subdivision (i)(D)(3) of the governing regulation, namely, that a taxpayer filing a return under these circumstances "must type or legibly print the following statement at the top of the first page of the Form 1040:  'Filed Pursuant to Section 1.911-7(a)(2)(i)(D).'"  We need not decide whether this omission, standing alone, would be sufficient to invalidate an otherwise timely FEIE election.  We simply note here, as we did in McDonald, 110 T.C.M. (CCH) at 242, that petitioner "did not qualify under subdivision (i)(D)(1) or (2) and \* \* \* failed to comply with subdivision (i)(D)(3)."

**[\*11]** be relevant to the penalty and additions to tax that the IRS determined, they do not alter the requirement of a timely election.  As to that requirement we must give effect to the regulations that the Secretary has issued under his delegated authority from Congress and to this Court's prior construction of those regulations.  That being so, we unfortunately have no alternative but to hold that petitioner did not make a timely and valid FEIE election for 2010.  He is therefore not entitled to exclude from gross income any foreign earnings under section 911.

To reflect the foregoing,

An order will be issued granting respondent's motion for partial summary judgment.