T.C. Memo. 2021-44

UNITED STATES TAX COURT

ROBERT CRAIG COLTON AND ALINA MAZWIN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10742-19.                      Filed April 21, 2021.

Robert Craig Colton and Alina Mazwin, pro sese.

Ashleigh R. Wise and Rachael J. Zepeda, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  With respect to petitioners' Federal income tax for 2016,
the Internal Revenue Service (IRS or respondent) determined a deficiency of
$3,113.  Respondent has moved for partial summary judgment under Rule 121,
contending that there are no disputed issues of material fact as to whether petition-

[*2] ers are liable for a tax deficiency in that amount.[1]  We agree and accordingly will grant the motion.

## Background

The following facts are based on the parties' pleadings and motion papers, including an attached declaration and exhibits.  See Rule 121(b).  Petitioners resided in Arizona when they petitioned this Court.

Petitioners timely filed a joint return for 2016, reporting wages of $53,875 and a $14,000 loss on Schedule E, Supplemental Income and Loss.  Petitioners did not itemize deductions and instead claimed the standard deduction.  On June 4, 2018, the IRS sent petitioners a letter asserting that they had received unreported income, including $20 of interest from U.S. Bank and $125,000 from JP Morgan Chase Bank.  Petitioners responded to the letter and explained that the $125,000 represented settlement proceeds from a lawsuit, half of which belonged to Mr. Colton's ex-wife.

Accepting petitioners' explanation, the IRS on November 19, 2018, sent them a second letter, asserting interest income of $20 and other income of $62,500, reflecting Mr. Colton's half of the settlement proceeds.  On December 4,

[1]All statutory references are to the Internal Revenue Code of 1986 as in effect during 2016, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] 2018, petitioners responded to that letter with an amended return for 2016, reporting $20 of interest income, $62,500 of settlement proceeds, and (for the first time) $80,075 of itemized deductions. Petitioners included with the amended return a Schedule A, Itemized Deductions, claiming a miscellaneous itemized deduction of $80,075 for attorney's fees incurred in connection with the litigation and settlement.

On February 25, 2019, the IRS sent petitioners a third letter indicating that a miscellaneous itemized deduction for attorney's fees would be allowed. But while miscellaneous itemized deductions are allowable against the regular tax, they are not allowed for purposes of computing the alternative minimum tax (AMT) imposed by section 55. See sec. 56(b)(1)(A)(i). The IRS accordingly determined that petitioners were liable for AMT of $3,003.

On June 10, 2019, the IRS issued petitioners a notice of deficiency. The notice included adjustments to income of $20 for interest and $62,500 for settlement proceeds. It also allowed a miscellaneous itemized deduction of $78,053, reflecting the 2% floor keyed to adjusted gross income. See sec. 67(a). These adjustments led to three computational changes: a decrease in taxable income and a corresponding $290 decrease in regular tax, the denial of a $400 retirement sav-

**[*4]** ings credit, and the imposition of $3,003 in AMT, producing a total amount due of $3,113.

On June 24, 2019, petitioners timely petitioned this Court. The only adjustment in the notice of deficiency to which they objected was the AMT of $3,003. Petitioners stated in their petition that "[they] never heard of [the] alternative minimum tax." Respondent moved for partial summary judgment on January 11, 2021. Petitioners responded to the motion on February 8, 2021.

## Discussion

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).

The sole question presented by respondent's motion is whether the IRS correctly determined petitioners' liability for AMT.[2] Section 56 sets forth a number

---

[2] This opinion does not address the question whether petitioner Mazwin is entitled to relief from joint and several liability under sec. 6015.

**[*5]** of adjustments in computing alternative minimum taxable income (AMTI),

the tax base for the AMT. Section 56(b) provides in relevant part:

> SEC. 56(b). Adjustments Applicable to Individuals.--In determining the amount of the alternative minimum taxable income of any taxpayer (other than a corporation), the following treatment shall apply (in lieu of the treatment applicable for purposes of computing the regular tax):
>
> > (1) Limitation on deductions.--
> >
> > > (A) In general.--No deduction shall be allowed–
> > >
> > > > (i) for any miscellaneous itemized deduction (as defined in section 67(b)) * * *

The IRS determined that petitioners had AMTI of $101,111--the sum of

their regular taxable income of $14,958, personal exemptions of $8,100, and a

miscellaneous itemized deduction of $78,053. See secs. 55(b)(2), 56(b)(1)(A)(i),

(E). The IRS then subtracted from their AMTI an exemption of $83,800. See sec.

55(b)(1)(A)(ii), (d)(1)(A), (4)(A)(ii). The difference between those amounts, or

$17,311, was multiplied by 26%, the applicable AMT rate. See sec.

55(b)(1)(A)(i). That produced a tentative minimum tax of $4,501, from which the

IRS subtracted petitioners' regular tax liability, or $1,498, to yield an AMT liabili-

ty of $3,003. See sec. 55(a).

**[\*6]** Petitioners have not alleged any error in respondent's calculations and have offered no ground for disputing that the AMT applies.[3]  In their response to the motion they express confusion about a letter that the IRS sent to petitioner Mazwin on December 16, 2019, showing a decrease in tax of $3,113 and stating "you don't owe us any money."  The IRS had assessed $3,113 against Ms. Mazwin on October 21, 2019, because the petition initiating this case had originally been signed by petitioner Colton only.  After Ms. Mazwin ratified the petition, respondent abated the assessment against her, which automatically generated the letter stating she had no balance due at that time.[4]

Petitioners also expressed concern about a letter indicating that a 2016 tax debt had been turned over to a private debt collector despite the ongoing proceedings in this Court.  This letter concerned a 2016 tax debt owed by Colton Grading

---

[3]Petitioners themselves reported the attorney's fees as a miscellaneous itemized deduction.  They do not contend that the settlement proceeds arose from a lawsuit involving a claim of unlawful discrimination or a whistleblower action, for which an above-the-line deduction for attorney's fees might be available.  See sec. 62(a)(20) and (21).

[4]A similar reversal occurred with respect to Mr. Colton.  The IRS erroneously reversed the litigation freeze on his 2016 account and prematurely assessed the $3,113 deficiency against him.  The IRS then applied petitioners' 2019 overpayment to the assessment for 2016 and notified Mr. Colton of this offset.  After realizing its mistake, the IRS abated the premature assessment for 2016 on August 31, 2020.  This error and the error noted in the text have been corrected, and neither has any impact on the proper calculation of petitioners' 2016 tax deficiency.

[*7] & Excavation, Inc., a C corporation of which Mr. Colton is evidently a shareholder. That letter has no relevance to the individual tax liabilities at issue in this case.

To implement the foregoing,

<u>An order will be issued granting respondent's motion for partial summary judgment</u>.